UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11577 GAO

)
Paul Watson, Janet Watson, Andrew Watson, David )
Watson and Paul Watson, in his capacity as Trustee )
of Mitson Realty Trust, )
)     ANSWER OF THE
)     DEFENDANTS
Plaintiffs, )
)
v. )
)
Town of Bellingham, Richard F. Ranieri, in his )
official capacity and individually, Lee G. Ambler, )
in his official capacity and individually, Scott )
Ambler, in his official capacity and individually, )
Bertrand Guerin, in his official capacity and )
individually, Dennis Fraine, in his official capacity )
and individually, Jerald A. Mayhew, in his official )
capacity John Emidy, in his official capacity and )
individually, and Edward Wirtanen, in his official )
capacity and individually, )
)
Defendants. )
)

The Defendants, Town of Bellingham, Richard F. Ranieri, in his official capacity and individually, Lee G. Ambler, in his official capacity and individually, Scott Ambler, in his official capacity and individually, Bertrand Guerin, in his official capacity and individually, Dennis Fraine, in his official capacity and individually, Jerald A. Mayhew, in his official capacity, John Emidy, in his official capacity and individually, and Edward Wirtanen, in his official capacity and individually answer the allegations contained in the Plaintiffs' Complaint, as follows:

1. The Defendants lack sufficient knowledge either admit or deny the allegations in Paragraph 1.

2. The Defendants lack sufficient knowledge either admit or deny the allegations in Paragraph 2.

3. The Defendants lack sufficient knowledge either admit or deny the allegations in Paragraph 3.

4. The Defendants admit the allegations in Paragraph 4.

5. The Defendants admit the allegations in Paragraph 5.

6. The Defendants admit that Lee G. Ambler is an individual residing in Bellingham, Norfolk County, Massachusetts and deny all other allegations in Paragraph 6.

7. The Defendants admit that Scott Ambler is an individual residing in Bellingham, Norfolk County, Massachusetts and deny all other allegations in Paragraph 7.

8. The Defendants deny the allegations in Paragraph 8.

9. The Defendants admit that Dennis Fraine is an individual residing in Bellingham, Norfolk County, Massachusetts and deny all other allegations in Paragraph 9.

10. The Defendants admit that Jerald A. Mayhew is an individual residing in Bellingham, Norfolk County, Massachusetts and deny all other allegations in Paragraph 10.

11. The Defendants admit the allegations in Paragraph 11.

12. The Defendants deny the allegations in Paragraph 12.

13. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 13.

14. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 14.

15. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 15.

16. The Defendants admit the allegations in Paragraph 16.

17. The Defendants admit the allegations in Paragraph 17.

18. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 18.

19. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 19.

20. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 20.

21. The Defendants deny the allegations in Paragraph 21.

22. The Defendants deny the allegations in Paragraph 22.

23. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 23.

24. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 24.

25. The Defendants deny the allegations in Paragraph 25.

26. The Defendants deny the allegations in Paragraph 26.

27. The Defendants deny the allegations in Paragraph 27.

28. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 28.

29. The Defendants deny the allegations in Paragraph 29.

30. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 30.

31. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 31.

32. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 32.

33. The Defendants deny the allegations in Paragraph 33.

34. The Defendants deny the allegations in Paragraph 34.

35. The Defendants admit the allegations in Paragraph 35.

36. The Defendants deny the allegations in Paragraphs 36.

37. The Defendants deny the allegations in Paragraph 37.

38. The Defendants deny the allegations in Paragraph 38.

39. The Defendants deny the allegations in Paragraph 39.

40. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 40.

41. The Defendants deny the allegations in Paragraph 41.

42. The Defendants deny the allegations in Paragraph 42.

43. The Defendants deny the allegations in Paragraph 43.

## COUNT I - MALICIOUS PROSECTION

44. The Defendant's repeat their responses to the allegations in Paragraphs 1 through 43 as if separately set forth herein.

45. The Defendants deny the allegations in Paragraph 45.

46. The Defendants deny the allegations in Paragraph 46.

47. The Defendants deny the allegations in Paragraph 47.

48. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 48.

49. The Defendants deny the allegations in Paragraph 49.

50. The Defendants deny the allegations in Paragraph 50.

51. The Defendants deny the allegations in Paragraph 51.

52. The Defendants deny the allegations in Paragraph 52.

53. The Defendants deny the allegations in Paragraph 53.

54. The Defendants deny the allegations in Paragraph 54.

## COUNT II - ABUSE OF PROCESS

55. The Defendants repeat their responses to the allegations in Paragraphs I through 54 as if separately set forth herein.

56. The Defendants deny the allegations in Paragraph 56.

57. The Defendants deny the allegations in Paragraph 57.

58. The Defendants deny the allegations in Paragraph 58.

59.  The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 59.

60.  The Defendants deny the allegations in Paragraph 60.

61.  The Defendants deny the allegations in Paragraph 61.

62.  The Defendants deny the allegations in Paragraph 62.

63.  The Defendants deny the allegations in Paragraph 63.

64.  The Defendants deny the allegations in Paragraph 64.

65.  The Defendants deny the allegations in Paragraph 65.

## **COUNT III -- INTENTIONAL INFLICTIQN OF EMOTIONAL DISTRESS**

66.  The Defendant's repeat their responses to the allegations in Paragraphs 1 through 65 as if separately set forth herein.

67.  The Defendants deny the allegations in Paragraph 67.

68.  The Defendants deny the allegations in Paragraph 68.

69.  The Defendants deny the allegations in Paragraph 69.

70.  The Defendants deny the allegations in Paragraph 70.

## **COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAA DISTRESS**

71.  The Defendant's repeat their responses to the allegations in Paragraphs I through 70 as separately set forth herein.

72.  The Defendants deny the allegations in Paragraph 72.

73.  The Defendants deny the allegations in Paragraph 73.

74. The Defendants deny the allegations in Paragraph 74.

75. The Defendants deny the allegations in Paragraph 75.

## COUNT V - STATE CIVIL R1GHTS ACT

76. The Defendant's repeat their responses to the allegations in Paragraphs 1 through 75 as if separately set forth herein.

77. The Defendants deny the allegations in Paragraph 77.

78. The Defendants deny the allegations in Paragraph 78.

79. The Defendants deny the allegations in Paragraph 79.

80. The Defendants deny the allegations in Paragraph 80.

81. The Defendants deny the allegations in Paragraph 81.

82. The Defendants deny the allegations in Paragraph 82.

## COUNT VI - G.L. CHAPTER 25 8. § 1 ET SEQ.

83. The Defendants repeat their responses to the allegations in Paragraphs 1 through 82 as if separately set forth herein.

84. The Defendants admit the allegations in Paragraph 84.

85. The Defendants deny the allegations in Paragraph 85.

86. The Defendants deny the allegations in Paragraph 86.

87. The Defendants deny the allegations in Paragraph 87.

88. The Defendants deny the allegations in Paragraph 88.

89. The Defendants deny the allegations in Paragraph 89.

90. The Defendants deny the allegations in Paragraph 90.

91. The Defendants deny the allegations in Paragraph 91.

92. The Defendants deny the allegations in Paragraph 92.

93. The Defendants deny the allegations in Paragraph 93.

94. The Defendants deny the allegations in Paragraph 94.

## COUNT VII – 42 U.S.C. §1983 – DENIAL OF EQUAL PROTECTION

95. The Defendants repeat their responses to the allegations in Paragraphs 1 through 94 as if separately set forth herein.

96. The Defendants deny the allegations in Paragraph 96.

97. The Defendants deny the allegations in Paragraph 97.

98. The Defendants deny the allegations in Paragraph 98.

99. The Defendants deny the allegations in Paragraph 99.

100. The Defendants deny the allegations in Paragraph 100.

101. The Defendants deny the allegations in Paragraph 101.

102. The Defendants deny the allegations in Paragraph 102.

103. The Defendants deny the allegations in Paragraph 103.

104. The Defendants deny the allegations in Paragraph 104.

## COUNT VIII - 42 U.S.C. §1983 – DENIAL OF DUE PROCESS

105. The Defendants repeat their responses to the allegations in Paragraphs 1 through 104 as if separately set forth herein.

106. The Defendants deny the allegations in Paragraph 106.

107. The Defendants deny the allegations in Paragraph 107.

108. The Defendants deny the allegations in Paragraph 108.

109. The Defendants deny the allegations in Paragraph 109.

110. The Defendants deny the allegations in Paragraph 110.

111. The Defendants deny the allegations in Paragraph 111.

112. The Defendants deny the allegations in Paragraph 112.

113. The Defendants deny the allegations in Paragraph 113.

114. The Defendants deny the allegations in Paragraph 114.

## COUNT IX - LOSS OF CONSORTIUM - JANET WATSON

115. The Defendants repeat their responses to the allegations in Paragraphs 1 through 114 above.

116. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 116.

117. The Defendants deny the allegations in Paragraph 117.

118. The Defendants deny the allegations in Paragraph 118.

## COUNT X - LOSS OF CONSORTIUM - ANDREW WATSON

119. The Defendants repeat their responsesto the allegations in Paragraphs 1 through 118 above.

120. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 120.

121. The Defendants deny the allegations in Paragraph 121.

122. The Defendants deny the allegations in Paragraph 122.

### COUNT XI - LOSS OF CONSORTIUM - DAVID WATSON

123. The Defendants repeat their responses to the allegations in Paragraphs 1 through 122 above.

123[sic]. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 123[sic].

124. The Defendants deny the allegations in Paragraph 124.

125. The Defendants deny the allegations in Paragraph 125.

### COUNT XII - INTERFERENCE WITH CONTRACTUAL RELATIONS

126. The Defendants repeat their responses to the allegations in Paragraphs 1 through 125 above.

127. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 127.

128. The Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 128.

129. The Defendant's deny the allegations in Paragraph 129.

## COUNT XIII - SLANDER

130. The Defendants repeat their responses to the allegations in Paragraphs I through 129 above.

131. The Defendant's deny the allegations in Paragraph 131.

132. The Defendant's deny the allegations in Paragraph 132.

## FIRST AFFIRMATIVE DEFENSE

The Complaint of the Plaintiffs fails to state a claim against the Defendants upon which relief may be granted and, therefore, should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The Defendants' actions in connection with the criminal complaints as well as in connection with inspection, enforcement of laws, and investigations of complaints are all discretionary actions and the Town of Bellingham, as well as the individual defendants, are immune from liability for any and all such actions under M.G.L. C. 258.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint seeks recovery based on Defendants' alleged breaches of public duty only and, as a consequence no recovery may be had as the defendants are immune from liability for any and all such actions under M.G.L. C. 258.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs contributed to the damages allegedly suffered by them, therefore the recovery of the Plaintiffs, if any, must be barred or reduced in proportion to the said negligence of the Plaintiffs in accordance with the laws of comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

Any statements made by the Defendants were absolutely privileged.

## SIXTH AFFIRMATIVE DEFENSE

Any statements made by the Defendants were conditionally privileged.

## SEVENTH AFFIRMATIVE DEFENSE

The Town of Bellingham, as a public employer, claims its entitlement to all of the immunities and limitations on liability and damages contained in Mass. General Laws Chapter 258, §1, Et Seq.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants acted at all times in good faith and with reasonable belief that their actions were lawful and justified.

## NINTH AFFIRMATIVE DEFENSE

The Defendants say that if the Plaintiffs suffered damages as alleged in their Complaint, such damages were caused by someone for whose conduct the Defendants were not and are not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

The Defendants' actions were based upon their good faith efforts to carry out the laws and ordinances of the Commonwealth and the Town of Bellingham.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate the damages claimed.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to comply with the presentment requirements of the Chapter 258, Section 4, and therefore their action, as against the Town is barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any statements made by the Defendants regarding the Plaintiffs were true or made based upon Defendant's reasonable belief that they were true.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, are estopped to recover any judgment against the Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against the Defendants, and therefore the Plaintiffs cannot recover in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant's say that the Plaintiffs have failed to commence this action within the time afforded by the pertinent statutes of limitations of the Commonwealth of Massachusetts, and therefore cannot maintain this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of issue preclusion, res judicata and/or collateral estoppel, as an action substantially the same, involving the same parties and substantially the same claims was dismissed by the Superior Court of the Commonwealth of Massachusetts in 1996.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred by the equitable doctrine of laches.

Defendants,
By their attorney,

_____
Richard T. Corbett
BBO #099280
Of Counsel, McLucas & West, P.C.
141 Tremont Street, 4th Floor
Boston, MA 02111-1227
(617) 338-4242

Certificate of Service

I, Richard T. Corbett, counsel for the defendants in this action, hereby certify, under penalties of perjury, that I caused a copy of the within document to be served upon counsel of record for the plaintiffs by facsimile transmission and by regular mail on September 13, 2004.

_____
Richard T. Corbett