UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04-11577-GAO

PAUL WATSON, JANET WATSON,
ANDREW WATSON, DAVID WATSON,
and PAUL WATSON in his capacity as
Trustee of MITSON REALTY TRUST,
Plaintiffs,

v.

TOWN OF BELLINGHAM,
RICHARD F. RANIERI, Individually and
in his official capacity, LEE G. AMBLER,
Individually and in his official capacity,
SCOTT AMBLER, Individually and in his
official capacity, BERTRAND GUERIN,
Individually and in his official capacity,
DENNIS FRAINE, Individually and in his
official capacity, JERALD A. MAYHEW,
Individually and in his official capacity,
JOHN EMIDY, Individually and in his
official capacity, and EDWARD
WIRTANEN, Individually and in his
official capacity,
Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR APPROVAL OF MEMORANDUM OF LIS PENDENS.

Now come the Defendants and oppose the Plaintiffs' Request for Approval of a Memorandum of Lis Pendens. In support hereof the Defendants state as follows:

1. Mass. Gen. Laws c. 184, § 15(b) provides in relevant part that "upon motion of a party, if the subject matter of the action constitutes a claim of right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which

2.

the action is pending shall make a finding to that effect and endorse the finding upon the memorandum.";

2. As the Supreme Judicial Court has recently held, "A claim that 'affects title' has been defined as a claim brought on a plaintiff's own behalf to enforce 'some interest in the real estate,' including a lien or an encumbrance." Wolfe v. Gormally, 440 Mass. 699, 706 (2004)(citations omitted)(enforcement action to apply restrictive covenants affects title and so proper action in which a lis pendens may issue). See also McCarthy v. Hurley, 24 Mass.App.Ct. 533, 534-535 (1987)("The action at law or suit in equity which is within the scope of the statute is one where the right or title of the parties in some particular real estate, the subject matter of the action or suit, is involved, and where the purpose of the proceedings is to determine the title and rights of the parties. It is to be assumed that the statute includes all actions and proceedings at law and in equity where title to a tract of land between parties is concerned and includes actions and proceedings to enforce a lien or encumbrance on real estate.", quoting Seigemund v. Building Commr. Of Boston, 263 Mass 212, 214 (1928)(enforcement of subdivision control ordinances was not within scope of lis pendens statute);

3. Contrary to the argument made by the plaintiffs, the action before this court does not affect title to land or the use or occupation thereof. The complaint in this case has alleged thirteen separate counts. These include malicious prosecution, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, state law civil rights claim, negligence, federal law civil rights claims, interference with contractual relations, slander and loss of consortium. None of these

3.

counts affirmative seeks title to the mill property, nor are there any claims for declaratory or injunctive relief concerning the ownership of the property. Rather, all claims are common tort/ civil rights claims seeking money damages. The purpose of this proceeding is NOT to determine the title and rights of the parties; the claims made ordinary personal injury/civil rights damage claims on behalf of five plaintiffs, only one of which was the former owner of the mill property. The purpose of this suit is to recover money damages;

4. Further, any attempt to treat this present action as one where the purpose of the suit is to determine title to the property would be an improper collateral attack on a prior judgement of the state courts. Title to the property in issue was obtained by a proper tax taking, and the rights of redemption were foreclosed in the matter <u>Town of Bellingham v. Watson, Trustee</u>, Commonwealth of Massachusetts Land Court, Docket Nos. 119631TL and 103096TL. Judgment entered in those matters on 7/11/01, and no appeal was taken by Watson. Watson cannot now attempt to collaterally attack that judgment where he intentionally waived his appellate rights.

Accordingly, the Plaintiffs' Request for Endorsement of the Memorandum of Lis Pendens must be denied.

4.

By their attorneys,

CURLEY & CURLEY, P.C.

*/s/ Martin J. Rooney*
Martin J. Rooney, Esq.
BBO# 426910
27 School Street
Boston MA 02108
617/523-2990

## CERTIFICATE OF SERVICE

I, Martin J. Rooney, Esq., hereby certify that I served by first class mail, postage prepaid, a true and correct copy of the foregoing pleading to the following counsel of record: John P. Ehrhard, Esq., 9 North Ashland Street, Worcester, MA 01609, and to Richard T. Corbett, Esq., McLucas & West, P.C., 141 Tremont Street, 4th Fl., Boston MA 02111-1227.

DATE: 12/20/04

Martin J. Rooney, Esq.
BBO # 426910