UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04-11577-GAO

PAUL WATSON, JANET WATSON,
ANDREW WATSON, DAVID WATSON,
and PAUL WATSON in his capacity as
Trustee of MITSON REALTY TRUST,
Plaintiffs,

v.

TOWN OF BELLINGHAM,
RICHARD F. RANIERI, Individually and
in his official capacity, LEE G. AMBLER,
Individually and in his official capacity,
SCOTT AMBLER, Individually and in his
official capacity, BERTRAND GUERIN,
Individually and in his official capacity,
DENNIS FRAINE, Individually and in his
official capacity, JERALD A. MAYHEW,
Individually and in his official capacity,
JOHN EMIDY, Individually and in his
official capacity, and EDWARD
WIRTANEN, Individually and in his
official capacity,
Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR PARTIAL  DISMISSAL.**

The Defendants have  moved this court to dismiss numerous counts of the

complaint pursuant to Fed.R.Civ.P.  Rule 12(b)(6).

For the reasons set forth in this memorandum, said motion should be allowed.

2

## I.    FACTUAL BACKGROUND:

Plaintiffs have alleged, in very general terms, that the Town of Bellingham violated their civil rights and committed various torts in the course of attempting to enforce various codes pertaining to the commercial property owned by the Plaintiff Trust and operated by the individual plaintiffs.  In addition to the Town proper being named as a defendant, the Plaintiffs have also named 8 town employees and agents, or former employees, in their personal capacities and in their official capacities.  (Complaint, ¶¶ 1- 43).

## II.    ARGUMENT:

### A.    Official Capacity Defendants.

Through out the complaint, with the exception of Counts XII and XIII, the plaintiffs have asserted claims against each individual defendant in his personal capacity and his relevant official capacity.

Suing an official in his official capacity is the same as suing the governmental entity.  E.g.  Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 747 N.E.2d 729 (2001); O'Malley v. Sheriff, 415 Mass. 132, 141, n. 13, 612 N.E.2d 641 (1993).  Accordingly, all such claims are redundant and confusing and should be dismissed from this suit.

### B.    Count I - Malicious Prosecution.

In count I, the plaintiffs allege that the Town, by its various agents, filed

three criminal actions against Plaintiff Paul Watson.[1] **(Complaint, ¶ ¶ 24-33, 39). Count I of the complaint alleges that the filing of these three actions constituted malicious prosecution by the personal defendants in their individual and official capacities. (Complaint, ¶ ¶ 45-49) This action was filed on or about 7/14/04. (Docket). The first of these criminal actions is alleged to have been filed in 1991. The second action is alleged to have been filed in 1995. The third action is alleged to have been filed in 2002. (Complaint, ¶ ¶ 24-33, 39)**

**The statute of limitations for the common law tort of malicious prosecution is three years. Mass. Gen. Laws c. 260, §2A.**

**Accordingly, any claim for malicious prosecution relating to the 1990 or 1995 criminal actions is time barred.**

**An essential element of the tort of malicious prosecution is the proof that the underlying criminal action was terminated in favor of the plaintiff. <u>E.g.</u> <u>Wynne v. Rosen</u>, 391 Mass. 797 (1984); Mass. Jury**

---

[1]     Of course, as these criminal charges were filed only against Paul Watson, according to the complaint, no other plaintiff would have a cause of action for malicious prosecution, and the request for relief in favor of all plaintiffs should be stricken, or claims by all plaintiffs apart from Paul Watson dismissed.

Instructions, Civil, § 9.6 (Lexis 1999).

Nowhere in the complaint is it alleged that the 2002 action was terminated in favor of the plaintiff Paul Watson.  (Complaint, ¶50) Accordingly, as plaintiff has failed to allege an essential element of his claim, this claim relating to the 2002 criminal action should be dismissed as well.

To the extent that suing the individual defendants in their official capacity  is interpreted here to assert a claim against the Town, said claim is also barred by Mass. Gen. Laws c. 258, §10( c ), which  bars intentional tort claims against public employers such as the Town.

Accordingly, Count I should be dismissed in its entirety.

## C.     Count II - Malicious Abuse of Process.

Count II repeats the primary allegations of Count I; those being that the Town officials filed 3 criminal actions against Paul Watson.[2]

The statute of limitations  for the common law tort of abuse of process is three years.  Mass. Gen. Laws c. 260, §2A.

Accordingly, any claim for abuse of process relating to the 1990 or 1995 criminal actions is time barred.

---

[2]     As set forth in note 1, all claims by other plaintiffs should be dismissed.

To the extent that suing the individual defendants in their official capacity  is interpreted here to assert a claim against the Town, said claim is also barred by Mass. Gen. Laws c. 258, §10( c ), which  bars intentional tort claims against public employers such as the Town.

Accordingly, Count II should be dismissed in its entirety.

**D.    Count III - Intentional Infliction of Emotional Distress:**

Count III also repeats the primary allegations of Count I; those being that the Town officials filed 3 criminal actions against Paul Watson.[3]

The statute of limitations  for the common law tort of infliction of emotional distress is three years.  Mass. Gen. Laws c. 260, §2A.

Accordingly, any claim for intentional infliction of emotional distress relating to the 1990 or 1995 criminal actions is time barred.

To the extent that suing the individual defendants in their official capacity  is interpreted here to assert a claim against the Town, said claim is also barred by Mass. Gen. Laws c. 258, §10( c ), which  bars intentional tort claims against public employers such as the Town.

Accordingly, Count III should be dismissed in its entirety.

**E.    Count IV - Negligent Infliction of Emotional Distress:**

Count IV also repeats the primary allegations of Count I; those being

---

[3]    As set forth in note 1, all claims by other plaintiffs should be dismissed.

that the Town officials filed 3 criminal actions against Paul Watson.[4]

The statute of limitations for the common law tort of infliction of emotional distress is three years. Mass. Gen. Laws c. 260, §2A.

Accordingly, any claim for infliction of emotional distress relating to the 1990 or 1995 criminal actions is time barred.

Further, this count sounds against individual defendants in their official and personal capacities. Mass. Gen. Laws c. 258, § 2 bars the assertion of negligence claims against public employees. Those claims against the individual defendants in their personal capacity should be dismissed.

To the extent that the assertion of this claims against the individual defendants in their official capacity is a claim against the Town for negligent infliction, it is also barred.

Mass. Gen. Laws c. 258, § 4 requires all claims against the Town to be presented within two years of the accrual of the cause of action. The complaint here in issue alleges that there was one presentment on January 17, 1992 (following the filing of the first criminal action in1990). (Complaint, ¶ 89)

The complaint does not allege any other presentment which addresses in any fashion the alleged wrongs which took place post January 17, 1992.

As to those claims presented in the 1992 presentment letter, they are

---

[4]     As set forth in note 1, all claims by other plaintiffs should be dismissed.

necessarily time barred under the three year statute of limitations.  Even

assuming that the issues presented did not accrue until the date of

presentment, the statute of limitations on those claims ran in 1995, almost ten

years prior to the filing of this suit.

As the claims presented by the presentment letter are time barred, and

no other claims have ever been presented to the Town, all negligence claims

against the Town are barred by c. 258.

Accordingly, Count III should be dismissed in its entirety.

## F.    Count V - State Civil Rights Act:

Count V alleges that the various actions of the Town's  officials since

1990 forward violated their rights under Mass. Gen. Laws c. 12, §§11H-I.

Paragraph 77 blandly states that the actions alleged by the individual

defendants interfered with Paul Watson's rights under the Constitution and

the laws of the US and the Commonwealth.[5]   However, nowhere in the

complaint does plaintiff specify exactly which of these rights are claimed to

have been interfered with by the Defendants.  This failure to allege an

essential element is grounds for dismissal.

Assuming, *arguendo*, that some interference with some unknown rights

has been sufficiently alleged by plaintiff, the interference alleged does not rise

---

[5]    As set forth in note 1, all claims by other plaintiffs should be dismissed.

to the level of threats, intimidation or coercion so as to state a claim under c. 12.

A review of the complaint shows that the Town through its agents is alleged to have used legal process directly against Paul Watson to compel compliance with various municipal codes, that it used legal process directly against Paul Watson for a tax taking of the property, and that it directly arrested him for trespass after notice once it obtained title to the property in issue.  Complaint, ¶¶ 13-43.

In order to prevail upon a state civil rights act claim, a plaintiff must allege and prove that their "(1) exercise or enjoyment of rights secured by the Constitution or the laws of the United States or the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion'".  Buster v. George W. Moore, Inc., 438 Mass. 635, 644 (2003)(citations omitted)(no improper economic coercion even though defendants offered to trade foreclosure for dismissal of appeals).   As the Buster court noted,

> The legislature intended that even a direct deprivation of a plaintiff's secured rights would not be actionable under the act unless it were accomplished by means of one of these three constraining elements.  See e.g. *Swanset Dev. Corp. v. Taunton,* 423 Mass. 390, 396, 668 N.E.2d 333, quoting from *Freeman v. Planning Board of West Boylston*, 419 Mass. 548, 565, 646 N.E.2d 139 (1995)("a direct deprivation of rights, even if unlawful, is not coercive because it s not an attempt to force someone to

do something the person is not lawfully required to do").

438 Mass. at 646, footnote omitted, collecting numerous cases to the same effect.

Similarly, the <u>Buster</u> court quoted with approval from <u>Sena v. Commonwealth</u>, 417 Mass. 250, 263, 629 N.E.2d 986 (1994): "Generally, by itself, a threat to use lawful means to reach an intended result is not actionable under § 11I".

In the similar case of <u>Swanset Dev. Corp. v. Taunton</u>, 423 Mass. 390, 668 N.E.2d 333 (1996), the SJC dealt with another of many cases of this type involving development and property rights.  In <u>Swanset</u>, the court held

> We have recognized that an owner of real property has a constitutional right to use and improve that property, subject, of course, to limitations on development lawfully imposed by state law or by municipal regulation.  We have referred to "coercion" as the "use of physical or moral force to compel [another] to act or assent."  We have indicated that "a direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do.  While the plaintiffs allege that the defendants acted in concert to delay and impede the development of their property, they do not allege that any defendant sought to impose illegally on the plaintiffs.  To the extent that the plaintiffs allege that various delays were a deliberate attempt to frustrate their development plans, they have alleged a direct deprivation of rights rather than an attempt at coercion.

423 Mass. at 396 (citations omitted); <u>see also</u> <u>Freeman v. Planning Board of West Boylston</u>, 419 Mass. 548 (1995)(improper conditions imposed by Board do not rise to level of threats, intimidation or coercion); <u>Bene. & Prot. Order of</u>

Elks, Lodge 65 v. Planning Board of Lawrence, 403 Mass. 531, 559-560

(1988)(taking or threatening to take plaintiff's property are direct, preemptive

acts and do not amount to threats, intimidation or coercion); Jacobs v. Town of

Scituate, 948 F.Supp. 7 (D. Mass. 1996)(O'Toole, J.).

      All the actions by the individual defendants alleged in the complaint are

classic examples of direct action against the plaintiff which the Supreme

Judicial Court has repeatedly held does not rise to the level of actionable

threats, intimidation or coercion.  Lawful or unlawful, the actions alleged are

not claimed to be actions intended to compel Watson to do something apart

from his property.  The allegations are all direct actions taken to enforce,

rightfully or wrongfully, the rights of the Town vis-a-vis the property in

question.  Accordingly, they do not rise, as a matter of law, to the level that

would be actionable under c. 12, §§ 11H and I.  Therefore, Count V should be

dismissed.

## G.    Count VI - Chapter 258:

      Count VI is a claim under Mass. Gen. Laws c. 258 against the Town.

The Town is alleged in this count to have failed to appropriately train and

supervise its employees and agents.   Plaintiffs allege presentment of this

claim was made in a 1992 presentment letter.  Complaint, ¶ 89.  The

complaint does not allege any other presentment which addresses in any

fashion the alleged distinct wrongs which took place post January 17, 1992.

As to those claims presented in the 1992 presentment letter, they are necessarily time barred under the three year statute of limitations. Even assuming that the issues presented did not accrue until the date of presentment, the statute of limitations on those claims ran in 1995, almost ten years prior to the filing of this suit.

As the claims presented by the presentment letter are time barred, and no other claims have ever been presented to the Town, all negligence claims against the Town are barred by c. 258.

**H.     Counts IX, X, and XI - Loss of Consortium:**

These three claims are loss of consortium claims by Paul Watson's wife and two children.   As is set forth above, the common law intentional and negligence claims should be dismissed.  Accordingly, no loss of consortium claim could be based thereon.

Secondly, there is no allegation that the loss of consortium claims were ever presented to the Town under c. 258.

Thirdly, there is no recovery for loss of consortium under the federal or state civil rights claims.  The case law has repeatedly held that there is no recovery for loss of consortium under the federal or Massachusetts civil rights acts.  E.g.  Zimmerman v. Direct Federal Credit Union, 2000 US Dist. LEXIS 246 (D. Mass. 2000)(Collecting cases); Columbus v. Biggio, 76 F.Supp.2d 43, 59 (D. Mass. 1999)(Collecting cases); Sena v. Commonwealth, 417 Mass. 250, 264-

265 (1994)(Collecting cases); <u>Tauriac v. Polaroid Corp.</u>, 716 F. Supp. 672 (D.

Mass. 1989); <u>Moss v. Stinnes Corp.</u>, 169 F.3d 784, 785 (2d Cir. 1999).

Accordingly, these three counts should be dismissed.

**I.      Count XII - Intentional Interference with Contract:**

Count XII asserts a claim against Defendant Richard Ranieri only for

intentional interference with contract.  Complaint, ¶ 129 ("Wherefore"

paragraph).  In ¶¶ 24 - 25 of the complaint, plaintiffs allege that Ranieri

wrongfully filed the 1990 criminal action.  These are the only specific

allegations in the fact section of the complaint which address specific conduct

by Defendant Ranieri.

Any such claim is barred by statute of limitations.  This suit was filed in

2004.  Any actions before 2001, including those alleged in the complaint from

1990 are simply time barred.

**J.      Count XIII - Slander:**

Count XIII is a slander claim by Paul Watson[6] **against the Defendants**

**Ranieri, Guerin, and both Amblers.**   Complaint, ¶¶ 131-132.  It is more

specifically alleged that these defendants told various tenants of the mill that

the property was unsafe and that the Town was planning a tax taking of the

---

[6]      Again, the relief sought under this claim by all other plaintiffs should be

dismissed

property.  Complaint, ¶131.    A review of the complaint demonstrates that these statements were true, and therefore cannot be slanderous.  <u>Dulgarian v. Stone</u>, 420 Mass. 843, 847 (1995); 37 Nolan & Santorio, <u>Mass. Practice: Tort Law</u>, §125 (collecting cases).

Plaintiff admits as part of the complaint that the main sprinkler feed pipe burst due to freezing, and that it was never fully repaired, leaving approximately 12.5% of the mill building without sprinkler protection. Complaint, ¶¶ 16,19,20 and 23.  Also, the complaint admits that the Town did take tax title to the property.  Complaint, ¶ 35.  Accordingly, this count fails to state a claim upon which relief can be granted.[7]

## III.    CONCLUSION.

For the reasons set forth at length above, Counts I, II, III, IV, V, VI, IX, X, XI, XII and XII should be dismissed.

---

[7]    Additionally, the Amblers, who were Town Counsel at relevant times according to the Complaint (¶6-7), would have an absolute privilege for statements made about judicial proceedings in which they are involved made to someone with interest in those proceedings, which clearly include the mill tenants.  See 37 Nolan & Sartorio, <u>Mass. Practice: Tort Law</u>, § 130.  This is an alternative basis to dismiss this claim.

By their attorneys,

CURLEY & CURLEY, P.C.


/s/ Martin J. Rooney
Martin J. Rooney, Esq.
BBO# 426910
27 School Street
Boston MA 02108
617/523-2990



## CERTIFICATE OF SERVICE

I, Martin J. Rooney, Esq., hereby certify that I served by first class mail, postage prepaid, a true and correct copy of the foregoing pleading to the following counsel of record: John P. Ehrhard, Esq., 9 North Ashland Street, Worcester, MA 01609, and to Richard T. Corbett, Esq., McLucas & West, P.C., 141 Tremont Street, 4th Fl., Boston MA 02111-1227.




DATE: January 4, 2006              /s/ Martin J. Rooney
                                   Martin J. Rooney, Esq.
                                   BBO # 426910