UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11577-GAO

PAUL WATSON, et al.,
Plaintiffs

v.

TOWN OF BELLINGHAM, et al.,
Defendants.

MEMORANDUM AND ORDER
June 7, 2006

O'TOOLE, D.J.

Plaintiff Paul Watson ("Watson") is the Trustee of Mitson Realty Trust (the "Trust"), husband of plaintiff Janet Watson, and father to plaintiffs Andrew and David Watson. Watson, as trustee of the Trust, was the record owner of the Carryville Mill property in Bellingham, Massachusetts. In his complaint, he alleges that the defendants, the Town of Bellingham and eight named town officials, violated his civil rights and committed various common law torts against him and his family members. The defendants have moved to dismiss some, but not all, of the claims. The defendants' motion (Dkt. No. 12) is GRANTED IN PART and DENIED IN PART as set forth below.

(1) Watson has brought intentional tort claims against the named town officials in both their official and individual capacities. To the extent that these claims against these defendants "in their official capacities" can be construed as claims against the Town, they are barred by the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258.

(2) Watson's malicious prosecution, malicious abuse of process, intentional infliction of emotional distress, and intentional interference with contract claims all purport to be based on a series of discrete events, which are each separated by a few years. The allegations are insufficient as a

matter of law to allege a continuing tort in any instance.  Therefore, Watson may not recover for any tortious actions that took place more than three years prior to the commencement of this lawsuit.

(3) As Watson conceded in his opposition, his claim for negligent infliction of emotional distress against all of the defendants should be dismissed.

(4) Subject to the constraints imposed by the three-year statute of limitations as discussed in paragraph 2, <u>supra</u>, Count XII sufficiently states a claim for intentional interference with contract against individual defendants Ranieri, Guerin, S. Ambler, L. Ambler, Emidy and Wirtanen.

(5) The defendants' motion to dismiss the slander claims fails.  The complaint contains descriptions of the alleged defamatory statements, and the fact that Watson admits that some of the things said were true does not establish that all of the allegedly defamatory statements made were true.  This issue is largely factual, making dismissal at this stage inappropriate.[1]

(6) Watson's Mass. Gen. Laws ch. 258 claims against the Town are dismissed.  Any claims arising prior to the 1992 presentment letter are barred by the statute of limitations.  Any claims arising after the 1992 presentment letter are barred because Watson has failed to present them to the Town in writing, as required by Mass. Gen. Laws ch. 258, § 4.

(7) In order to sustain a claim under the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, §§ 11H & 11I, a plaintiff must sufficiently allege that his rights were "interfered with" through "threats, intimidation or coercion."  <u>Id.</u>  Here, Watson alleges only that the defendants took actions that, if proved, would constitute direct deprivations of his rights.  As such, they would not be actionable under the MCRA.  See <u>Freeman v. Planning Bd. of West Boylston</u>, 646 N.E.2d

---

[1] It is also premature at this stage to conclude that any statements made by the Amblers were protected by absolute privilege.

139, 149 (Mass. 1995) ("It has been said that a direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do.")

(8) Because at least some of the intentional tort claims against the individual defendants survive the motion to dismiss, Janet, Andrew and David Watson may pursue their loss of consortium claims against those defendants. However, because none of Watson's tort claims, Mass. Gen. Laws ch. 258, or MCRA claims against the Town survive, and loss of consortium claims cannot be premised on injuries alleged under 42. U.S.C. § 1983, Janet, Andrew and David Watson may not pursue their loss of consortium claims against the Town.

It is SO ORDERED.

| | |
|---|---|
| June 7, 2006 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |