**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paul Watson, Janet Watson, Andrew Watson, David Watson and Paul Watson, in his capacity as Trustee of Mitson Realty Trust,<br><br>Plaintiffs,<br><br>v.<br><br>Town of Bellingham, Richard F. Ranieri, in his official capacity and individually, Lee G. Ambler, in his official capacity and individually, Scott Ambler, in his official capacity and individually, Bertrand Guerin, in his official capacity and individually, Dennis Fraine, in his official capacity and individually, Jerald A. Mayhew, in his official capacity, John Emidy, in his official capacity and individually, and Edward Wirtanen, in his official capacity and individually,<br><br>Defendants. | Civil Action No.: 04-11577-GAO |

## PLAINTIFF, PAUL WATSON, TRUSTEE'S, ANSWERS TO DEFENDANT, TOWN OF BELLINGHAM'S, FIRST SET OF INTERROGATORIES TO PAUL WATSON, TRUSTEE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Paul Watson, Trustee, hereby answers Defendant, Town of Bellingham's, interrogatories as follows:

### General Objections

1.  Plaintiff, Paul Watson, Trustee, objects to these discovery requests to the extent that they are overly broad or unduly burdensome. Plaintiff, Paul Watson, Trustee, reserves his rights under the applicable Rules of Civil Procedure (the "Rules") to produce his business records in lieu of answering particular interrogatories.
2.  Plaintiff, Paul Watson, Trustee, objects to these discovery requests to the extent that they are vague or their language is ambiguous.
3.  Plaintiff, Paul Watson, Trustee, objects to these discovery requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are beyond the permissible scope of discovery under the applicable Rules.

    b.    in detail, the substance of all facts about which each such person may be expected to testify;

    c.    in detail, the contents of all opinions to which each such person may be expected to testify;

    d.    in detail, a summary of the ground for each such opinion and the substance of all facts on which such opinions are based.

ANSWER:   This determination has not yet been made, but may include Michael Lynch-Architect/Structural Engineer with Simpson, Gumpertz and Hegen regarding the Building Code Violations listed in Emidy's 8/95 inspection not being worthy of condemning the building.

Interrogatory 20:

Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witnesses to the events alleged in the Complaint. If so, please state:

    a.    the name and present address of the witness;

    b.    the date said statement was prepared; and

    c.    the identity of the person who has current custody or control of such written statement.

    ANSWER:   No such statements as defined have yet been obtained by the Plaintiffs.

Interrogatory 21:

Regarding your allegations in paragraphs 97 and 98 of the complaint, please state in full detail all other similarly situated property owners who "remained unprosecuted for similar and even more egregious conduct."

    ANSWER:   Lewis Goldstein

Interrogatory 22:    OBJECTION

Please state in full detail all attorneys' fees you allege you have incurred in paragraph 114 of the complaint.

    ANSWER: OBJECTION, this interrogatory requests information protected by attorney-client privilege. Without waiving said objection, the following information is given:

**Legal Fees (Calculated from Tax Returns)**

1990 - $44,411

1991 - $28,895
1992 - $16,745
1993 - $23,971
1994 - $20,663
1995 - $25,396
1996 - $8,333
1997 - $1,032
1998 - $2,900
1999 - $1,725
2000 - N/A
2001 - $1,200
2002 - $18,017
2003 - $6,000
2004 - $14,000
2005 - $6,000

**Total Claim for Legal Fees =**                    **$219,288**


Interrogatory 23:

Please state in full detail each and every contract you alleged was interfered with in Count XII of your complaint, including in your answer the name of all parties, the date and term of the contract, and the nature of the contract.

    ANSWER:    The following contracts were all of a Lessee/Lessor nature. The names of the parties and date and term of the contracts are as follows:

The Finish Line-12/15/93 for two years, 1/24/95 for one year
Mary Brown-12/11/87 for five years
Wescott Trucking-4/15/93 for two years
Universal Laboratory-8/18/94 for one year, 2/10/95 for one year
Thompson Screw Machine-12/12/88 for one year, 2/1/90 for one year, 3/29/91 for one year,10/1/93 for one year and 10/1/94 for one year
Northeast Ltd., Inc.-10/12/93 for two years
Todd Hoyt-10/16/92 Tenant at will
Delta Precision Equipment-11/13/91 for 61/2 months, 10/6/92 for 2 ¼ years
Precision Metal Tech-2/12/90 for three years, 3/20/92 for three years
AD&G-9/10/87 for 3 years, 3/18/91 for 3 years, 6/30/95 for three years
John Henderson-2/17/98 for 3 months and 12 days
RC Distributors-10/9/97 for 1 year
Matthew Odabashian-4/28/98 for 1 year
Lombard Equipment-9/18/97 for 6 months
Environmental Science Labs-7/22/88 for 1 year, 1/1/91 for 1 year
Maggie Ballard-3/13/89 for 1 year, 9/1/91 for 1 year
Robert Parziale-5/1/86 No term indicated

Harrington Ricker-7/1/88 for one year
Newfound Woodworking-3/1/88 for 2 years
Ike's Auto-12/12/86 for one year
Gamewell-1/1/98 for two years
Colbert Industries-12/5/89 for 1 year
Lantor Fibertaxis-5/1/90 for 6 months
Wesley Carbon-1/6/86 for 2 years
Autochrom Inc.-5/1/88 for 1 year
Yankee Tape Co.-11/1/88 for 3 years
John Johnson-4/28/86 No term indicated
Rosenfeld Tire Inc.-10/29/86 for 1 year
Frank Burke-9/21/87 for 1 year, 12/12/88 for 1 year
Allison Acoustics-3/1/91 for 2 years
Charles River Graphics-7/15/93 for 3 months
Bellingham Sheet Metal-1/18/97 for 6 months
Gig Ferullo-8/12/97 for 1 year
RC Distributors-10/9/97 for 1 year
SM Home Improvements-7/27/93 for 1 year, 7/1/94 for 1 yr., 6/30/95 for 1yr
Dale & DeFosses-5/5/92 for three months
Mark Degnim-6/30/92 Tenant at Will
J & J Haynes Landscaping-4/1/93 No Term indicated
Industrial Laser-7/28/89 for 1 year, 3/26/91 for 1 year
Michael King-7/1/91 Tenant at will
Chris Mele-10/1/92 30 days
Casey's Auto Service-4/20/92 Tenant at will, 10/5/92 Tenant at will
Thin Ice-6/28/93 for 3 months
Karl Brack-10/26/90 for 1 year
K&W Machine-11/30/92 for 1 year
Medway Fire Protection-11/12/92 for 1 year
P&P Consultants-5/1/91 for 1 year
Steel Maintenance-5/6/88 for 1 year, 6/1/89 for 1 year
James Clark-11/6/92 Tenant at will
Roads Corporation-3/1/93 for 1 year
Larad Equipment-4/3/87 for 1 year, 12/20/88 for 1 year, 1/30/90 for 1 year
J.M. Associates-4/25/90 for 1 year
Donald Carlucci-3/14/94 for 1 year
Jim Davis-8/11/92 for 1 year, 9/7/93 for 1 year
Franklin Building Co.-12/8/93 for 6.5 months, 6/23/94 for 1 year
Transport Logistics-8/23/94 for 1 year
Metrowest Handling-9/1/91 for 6 months
Jet Stream-3/25/96 for 6 months, 10/29/96 for 1 year
JD Painting & Wallpaper-12/4/98 for 1 year
Jordi Associates-6/1/85 for 10 years, Tenant at will Thru 1999
Rick Kattman-3/8/97 for 1 year
Paul Konchagulian-11/5/97 for 1 year
Metropolitan Removal-12/5/97 for 2 years

Maureen McAnulty-7/31/98 for 2 years
TJ Method-9/12/92 for 6 months, 7/21/93 for 6 months, 5/6/94 for 4 months, 8/29/94 for 6 months, 6/1/95 for 6 months, Tenant at will Thru 1999
Mark Dipillo & David Wagner-9/16/98 for 1 year
Plantlife Inc.-2/26/99 for 1 year
Edward Piorkowski-10/28/98 for 1 year
Start Rite Corp.-10/29/98 for 6 months, 2/19/99 for 6.5 months
Vaccari Landscaping-9/30/98 for 12.5 months
Voice Data-6/23/97 for 1 year, 9/16/97 for 1 year
Dave Beccia-8/8/97 for 1 year
Bruiser Concrete-12/29/94 for 1 year, Tenant at will Thru 1997
C+M Systems-5/23/94 for 6 months, 7/5/95 for 1 year,
Tenant at will Thru 1999
Chandler Forms-12/3/93 for 1 year, 1/25/95 no term indicated,
3/31/98 for 1 year
Frontier Fence-5/5/94 for 14 months, Tenant at will thru 1999

Signed under the pains and penalties of perjury,

_____   2/11/05
Paul Watson                Date

As to objections:

_____   _____
James P. Ehrhard           Date

## CERTIFICATE OF SERVICE

I certify that service of the foregoing "PLAINTIFF, PAUL WATSON, TRUSTEE'S, ANSWERS TO DEFENDANT, TOWN OF BELLINGHAM'S, FIRST SET OF INTERROGATORIES TO PAUL WATSON, TRUSTEE" has been made this 11th day of July 2005, by sending a copy via hand delivery to Martin J. Rooney, Esq., Curley & Curley, 27 School Street, Boston, Massachusetts 02108 and via U.S. Mail to Richard T. Corbett, Esq., McLucas & West, P.C., 141 Tremont Street, 4th Floor, Boston, Massachusetts 02111-1227.

_____
James P. Ehrhard, Esq.