**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Paul Watson, Janet Watson, Andrew Watson, David Watson and Paul Watson, in his capacity as Trustee of Mitson Realty Trust,<br><br>      Plaintiffs,<br><br>v.<br><br>Town of Bellingham, Richard F. Ranieri, in his official capacity and individually, Lee G. Ambler, in his official capacity and individually, Scott Ambler, in his official capacity and individually, Bertrand Guerin, in his official capacity and individually, Dennis Fraine, in his official capacity and individually, Jerald A. Mayhew, in his official capacity, John Emidy, in his official capacity and individually, and Edward Wirtanen, in his official capacity and individually,<br><br>      Defendants. | Civil Action No.: 04-11577-GAO |

**PLAINTIFF, PAUL WATSON'S, ANSWERS TO DEFENDANT, TOWN OF BELLINGHAM'S, FIRST SET OF INTERROGATORIES TO PAUL WATSON**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Paul Watson, hereby answers Defendant, Town of Bellingham's, interrogatories as follows:

**General Objections**

1. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they are overly broad or unduly burdensome. Plaintiff, Paul Watson, reserves his rights under the applicable Rules of Civil Procedure (the "Rules") to produce his business records in lieu of answering particular interrogatories.
2. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they are vague or their language is ambiguous.
3. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are beyond the permissible scope of discovery under the applicable Rules.
4. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they violate the attorney-client privilege.

5. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they violate work-product protections.
6. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they violate trade secret protections or compromise internal confidential, proprietary information. Plaintiff, Paul Watson, further objects to the extent these discovery requests seek information concerning Plaintiff, Paul Watson's, internal personnel or organizational structure and/or relationships, which information is not directly related to the instant lawsuit.
7. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they are premature, including but not limited to discovery requests that seek information concerning Plaintiff, Paul Watson's, contention in this action. Plaintiff, Paul Watson, further objects to these discovery requests to the extent that they improperly call for legal conclusions. Plaintiff, Paul Watson, reserves his right to supplement his responses to these discovery requests, should it be necessary or appropriate, in accordance with the Rules.
8. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they call for publicly available information and/or documents that are equally available to the propounding party.
9. Plaintiff, Paul Watson, objects to these discovery requests to the extent that they seek to impose obligations on Plaintiff, Paul Watson, that are greater than those contained in the Rules, or are beyond the scope of discovery permitted by the Rules.
10. *Each of the specific responses of Plaintiff, Paul Watson, to these discovery requests is made subject to, and notwithstanding and without waiving, these General Objections. Each of the foregoing objections and limitations is incorporated into each of the following responses, regardless of whether or not it is repeated below.*

**Interrogatories**

Interrogatory 1:

Please state in full detail as accurately as possible each and every false and malicious statement you allege in paragraph 130 of the complaint which the agents of the Town made concerning yourself and/or the title to the Carryville Mill property. For each such statement, please further state:

a. who made the statement;
b. the content of the statement;
c. who was present when the statement was made;
d. the date, time and location the statement was made;
e. to whom the statement was addressed;
f. all facts which show said statement to be false; and
f. *(sic)* how you came to learn of such statement.

ANSWER: 1)
a) The statements were made through the Town of Bellingham through its agents

b) It was stated that I was allegedly guilty of criminal conduct and behavior.
c) Court officers and employees, along with the general public and media were present when the statements were made.
d) The statements were approximately made between 9:00 a.m. and 5:00 p.m. on the following respective dates including, but may not be limited to, 11/15/90, 2/6/91, 4/19/91, 8/12/91, 2/1/02, 5/02, 7/02, and 10/31/02 in Milford District Court and12/2/91 and 12/12/91 in Worcester District Court.
e) The statements were addressed to the Court, its agents and employees, and the general public and media.
f) I did not commit the crimes I was charged with. All criminal charges against me were false and malicious in intent.
f) I was present in court at each of the dates listed.

2)
a) The secretary in the Building Inspectors office.
b) That they (Building Inspectors Office/Town of Bellingham), "...have a lot of problems with that building."
c) I don't know who was present in the Building Inspectors office when the statement was made.
d) 11/2/93 between 9:00am and 5:00pm.
e) The statement was addressed to Roger Papelian.
f) The problems with the building were without basis.
g) I was informed by Roger Papelian.

Interrogatory 2:

Please state in full detail as accurately as possible all people who you allege in paragraph 132 of your complaint who have a lesser opinion of your reputation.

ANSWER: Since court dockets are public record, all interested individuals including the tenants at my place of business.

Interrogatory 3:

Please state in full detail as accurately as possible all severe and irreversible damage to your business which you allege in paragraph 132 you suffered as a result of the alleged slanderous statements.

ANSWER: As a result of the Defendants' systematic pattern of harassment of, and slanderous statements against, me and my business, businesses potentially interested in renting space at my building went elsewhere. Under the constant threat of the Town closing/condemning the building, tenants were insecure/nervous about their investments and businesses at the Mill and subsequently began withholding rent and breaching their leases. As a result, I was forced into bankruptcy and lost my business.

Signed under the pains and penalties of perjury,

_____  7/11/05
Paul Watson                                           Date

As to objections: _____  July 12, 2005
James P. Ehrhard              Date

## CERTIFICATE OF SERVICE

I certify that service of the foregoing "PLAINTIFF, PAUL WATSON'S, ANSWERS TO DEFENDANT, TOWN OF BELLINGHAM'S, FIRST SET OF INTERROGATORIES TO PAUL WATSON" has been made this 11th day of July 2005, by sending a copy via hand delivery to Martin J. Rooney, Esq., Curley & Curley, 27 School Street, Boston, Massachusetts 02108 and via U.S. Mail to Richard T. Corbett, Esq., McLucas & West, P.C., 141 Tremont Street, 4th Floor, Boston, Massachusetts 02111-1227.

_____
James P. Ehrhard, Esq.