# EXHIBIT 7

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - ~~MOTOR VEHICLE TORT - CONTRACT~~
~~EQUITABLE RELIEF - OTHER)~~

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 94  01195

Paul Watson
......................................................., *Plaintiff(s)*

**v.**

Town of Bellingham et al.
......................................................., *Defendant(s)*

### SUMMONS

To the above-named Defendant:    Lee G. Ambler

You are hereby summoned and required to serve upon ..Richard M. Bennett............,

plaintiff's attorney, whose address is 115 Orchard St., New Bedford, MA an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

JOHN J. IRWIN, Jr., Esquire
WITNESS, ~~ROBERT L. STEADMAN~~, *Esquire*, at ...Dedham............the...2nd............

day of....June......................, in the year of our Lord one thousand nine hundred and.....94..........

*Nicholas Barbadoro*————Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

Case 1:04-cv-11577-GAO   Document 18-8   Filed 11/30/2006   Page 3 of 24

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT | DOCKET NUMBER 94-01195 |
|---|---|---|

Norfolk _____ Division

**PLAINTIFF(S)** Paul Watson

**DEFENDANT(S)** Town of Bellingham, Richard F. Ranieri and Lee G. Ambler

**ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.)**
Richard M. Bennett, Esq.
115 Orchard Street
New Bedford, MA  02740  (508)992-1270
Board of Bar Overseers # (Required)      552914

**ATTORNEY(S) (if known)**

## ORIGIN CODE AND TRACK DESIGNATION

Place an ☒ in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. c 231, s. 104 (F)
☐ 3. F03 Retransfer to Sup. Ct. c 231, s. 102C (X)

☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
☐ 6. E10 Summary process appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action Against Municipality | (A) | ☒ Yes   ☐ No |

**1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)**

The plaintiff, in his capacity as Trustee of Mitson Realty Trust, is the record owner of certain real property located in Bellingham, Massachusetts and known as "Carryville Mill." In July 1990, the defendants wrongfully and maliciously instituted a criminal action against the plaintiff for alleged violations of G.L. c.148, sec.27A and further continued to prosecute said criminal proceedings until they were dismissed on December 12, 1991. The plaintiff maintains that the Town of Bellingham was negligent in the training and supervision of the individual defendants and further that the individual defendants have committed several intentional torts against him.

**2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:**

NA

**3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.**

NA

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF

DATE 6/2/94

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**

### DISPOSITION

A. Judgment Entered
☐ 1. Before jury trial or non-jury hearing
☐ 2. During jury trial or non-jury hearing
☐ 3. After jury verdict
☐ 4. After court finding
☐ 5. After post trial motion

B. No Judgment Entered
☐ 6. Transferred to District Court under G.L. c.231, s.102C.
Disposition Date _____

RECEIVED
BY:
DATE

DISPOSITION ENTERED
BY:
DATE:

OCAJ 6-mtc 005-8/88

CLERK MAGISTRATE'S COPY



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                      SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.

```
                                          )
PAUL WATSON,                              )
        Plaintiff                         )
                                          )
vs.                                       )
                                          )          VERIFIED
TOWN OF BELLINGHAM, RICHARD F.            )          COMPLAINT
RANIERI, in his official capacity         )
and individually, and LEE G.              )
AMBLER, in his official capacity          )
and individually,                         )
        Defendants                        )
                                          )
```

   1.   The plaintiff, Paul Watson, is an individual residing in Millis, Norfolk County, Massachusetts.

   2.   The defendant, Town of Bellingham, is a duly organized political subdivision of the Commonwealth of Massachusetts situated in Worcester County, Massachusetts.

   3.   The defendant, Richard F. Ranieri, is an individual residing in Bellingham, Worcester County, Massachusetts.

   4.   The defendant, Lee G. Ambler, is an individual residing in Bellingham, Worcester County, Massachusetts.

   5.   At all times relevant hereto, Richard F. Ranieri was the Fire Chief of the Town of Bellingham acting pursuant to and under the color of state and federal law.  As Fire Chief, defendant Richard F. Ranieri was the employee and/or agent of the Town of Bellingham responsible for formulating and implementing official Town policy relative to the enforcement of state and local fire prevention/safety laws and regulations.

   6.   At all times relevant hereto, Lee G. Ambler was acting in his capacity as Town Counsel to the Town of Bellingham.  As

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

2

Town Counsel, defendant Lee G. Ambler was the agent of the Town of Bellingham responsible for monitoring the actions of town officials and employees engaged in law enforcement activities, and for screening all civil and criminal actions to be filed for compliance with applicable laws and statutes.

<u>FACTS</u>

7.  At all times relevant hereto, Paul Watson was the Trustee of Mitson Realty Trust, a Massachusetts Real Estate Trust (hereinafter "Mitson") u/d/t dated October 30, 1985 and registered in the Registered Land Court Section of the Norfolk County Registry of Deeds, Document No. 479603.

8.  At all times relevant hereto, Paul Watson, in his capacity as Trustee of Mitson Realty Trust, was the record owner of certain real property located at 26 Pearl Street, Bellingham, Massachusetts and known as the "Carryville Mill".

9.  Sometime in December 1989, a sprinkler pipe main located under the Carryville Mill froze and burst as the result of record low winter temperatures.  Although the Town of Bellingham Water Department realized a massive loss of water in late December 1989 and early January 1990, the source remained unknown.

10.  On January 5, 1990, the Town of Bellingham, aided by outside consultants, located the source of the sprinkler main break at Carryville Mill.

11.  On January 5, 1990, after determining the source and location of the main break, employees of the Town of Bellingham shut off and disconnected the water supply to the sprinkler main

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

3

at Carryville Mill, thereby rendering the sprinkler system inoperable.

12.  Approximately sixty (60) days after the Town of Bellingham shut off the water supply to the sprinkler system at Carryville Mill, approximately 87.5% of the system had been restored.  Prior to the resumption of water supply to the repaired section of the system, remedial work was inspected and approved by the Bellingham Water and Fire Departments.

13.  The remaining 12.5% of the sprinkler system at Carryville Mill was not immediately restored due to the fact that the affected sprinkler main was grossly inaccessible to repair personnel.

14.  The remaining 12.5% of the system affected only one tenant of Carryville Mill.  This tenant was Tastex Corp., a company owed and operated by the former owner of Carryville Mill, Louis Goldstein, who for several years prior the plaintiff's purchase of Carryville Mill had been allowed by the Town of Bellingham to operate the premises with numerous building code violations, including a totally inoperable sprinkler system.

15.  During Louis Goldstein's tenure as owner of Carryville Mill, defendant Richard F. Ranieri, as fire chief, had knowledge of the defective and nonconforming conditions at Carryville Mill but failed and refused to prosecute Louis Goldstein or take any action whatsoever to compel compliance with applicable state and local building and fire prevention/safety laws and regulations.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
Professional Association
115 Orchard Street
r Bedford, Massachusetts
02740
lephone (508) 992-1270
5

4

16.   During the period January 1990 through November 1990 the plaintiff maintained close contact with the defendants, apprising them of his efforts to repair the inoperable section of the sprinkler system.

17.   On July 10, 1990, defendant Richard F. Ranieri filed in the Milford District Court an Application for Complaint against the plaintiff for the alleged "shutting off of a fire protection device" under G.L. c.148, §27A.  Defendant Richard F. Ranieri stated on the application that the date of offense was January 5, 1990 to present.  A true and accurate copy of the foregoing Application for Complaint is attached hereto and incorporated herein as Exhibit "A".

18.   Defendant Richard F. Ranieri filed the above-described Application for Complaint in the Milford District Court on July 10, 1990, despite the fact that he knew that jurisdiction under G.L. c.148, §27A was properly found in the Superior Court.

19.   Defendant Lee G. Ambler permitted defendant Ranieri to file the above-described Application for Complaint in the Milford District Court when he knew, or should have known, that jurisdiction under G.L. c.148, §27A was proper in the Superior Court.

20.   At all times relevant hereto, each defendant knew that the plaintiff did not "shut off, disconnect, obstruct, remove or destroy" any part of the sprinkler system at Carryville Mill.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
ew Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

5

21.  On or about October 5, 1990, a Summons and Complaint against the plaintiff issued in the Milford District Court without any form of probable cause or clerk's hearing.  The Complaint stated that the plaintiff "did disconnect a sprinkle system in the building of Mitson Realty in violation of G.L. c.148, §27A."  A true and accurate copy of the foregoing Summons and Complaint is attached hereto and incorporated herein as Exhibit "B".

22.  During the period November 15, 1990 through December 12, 1991, the plaintiff was required to make eleven (11) court appearances in connection with the above-described criminal charges.  During each such court appearance, the plaintiff was subjected to the intimidation and humiliation associated with the criminal court experience, including threats of arrest, imprisonment and massive fines.

23.  On or about December 12, 1991, and upon the motion of the plaintiff's defense attorney, the above-described criminal proceedings were dismissed voluntarily by the district attorney on the grounds that the plaintiff did not engage in any criminal conduct as alleged by the defendants.

COUNT I - MALICIOUS PROSECUTION

24.  The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 23 above.

25.  Defendant Richard F. Ranieri commenced the above-described criminal proceedings against the plaintiff maliciously and without probable cause.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
Professional Association
115 Orchard Street
• Bedford, Massachusetts
02740
•lephone (508) 992-1270

5

6

26.  Defendant Lee G. Ambler permitted the institution of the above-described criminal proceedings against the plaintiff maliciously and with the knowledge that no probable cause existed to charge the plaintiff with a criminal offense.

27.  The above-described criminal proceedings against the plaintiff were legally and finally terminated in favor of the plaintiff on December 12, 1991.

28.  As a direct and proximate result of the above-described malicious prosecution, the plaintiff was subjected to the threats, intimidation and humiliation of the criminal court experience.

29.  As a direct and proximate result of the above-described malicious prosecution, the plaintiff was caused to suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

30.  As a direct and proximate result of the above-described malicious prosecution, the plaintiff was caused to suffer extreme emotional distress and mental anguish resulting in impairing physical injuries.

31.  As a direct and proximate result of the above-described malicious prosecution, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

7

and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

## COUNT II - ABUSE OF PROCESS

32.  The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 31 above.

33.  Defendant Richard F. Ranieri commenced criminal proceedings against the plaintiff under G.L. c.148, §27A, in the wrong court, for a purpose for which said statute was not intended, with the intent of harassing the plaintiff and denying him the use and enjoyment of the real property at Carryville Mill and the continued operation of his business thereat.

34.  Defendant Lee G. Ambler permitted the institution of criminal proceedings against the plaintiff under G.L. c.148, §27A, in the wrong court, for a purpose for which said statute was not intended, with the intent of harassing the plaintiff and denying him the use and enjoyment of the real property at Carryville Mill and the continued operation of his business thereat.

35.  The above-described criminal proceedings against the plaintiff were legally and finally terminated in favor of the plaintiff on December 12, 1991.

36.  As a direct and proximate result of the above-described malicious abuse of process by defendants Richard F. Ranieri and

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
ew Bedford, Massachusetts
02740
Telephone (508) 992-1270

8

Lee G. Ambler, the plaintiff was subjected to the threats, intimidation and humiliation of the criminal court experience.

37. As a direct and proximate result of the above-described malicious abuse of process, the plaintiff was caused to suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

38. As a direct and proximate result of the above-described malicious abuse of process, the plaintiff was caused to suffer extreme emotional distress and mental anguish resulting in impairing physical injuries.

39. As a direct and proximate result of the above-described malicious abuse of process, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 39 above.

41. Defendants Richard F. Ranieri and Lee G. Ambler engaged in extreme and outrageous conduct by wrongfully filing and

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
I Professional Association
115 Orchard Street
ew Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

9

vigorously prosecuting the above-described criminal charges against the plaintiff without probable cause and in a court lacking jurisdiction.

42. Defendants Richard F. Ranieri and Lee G. Ambler, by virtue of the above-described acts and/or omissions, intended to inflict emotional distress upon the plaintiff or knew, or should have known, that emotional distress was the likely result of the above-described extreme and outrageous conduct.

43. As a direct and proximate result of the defendants' above-described extreme and outrageous conduct, the plaintiff suffered severe emotional distress and mental anguish resulting in impairing physical injuries.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

COUNT IV - RECKLESS INFLICTION OF EMOTIONAL DISTRESS

44. The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 43 above.

45. Defendants Richard F. Ranieri and Lee G. Ambler engaged in wanton and reckless conduct by wrongfully filing and vigorously prosecuting the above-described criminal charges

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

10

against the plaintiff without probable cause and in a court lacking jurisdiction.

46.  Defendants Richard F. Ranieri and Lee G. Ambler, by virtue of the above-described acts and/or omissions knew, or should have known, that the plaintiff would like suffer emotional distress as the result of the above-described extreme and outrageous conduct.

47.  As a direct and proximate result of the defendants' above-described wanton and reckless conduct, the plaintiff suffered severe emotional distress and mental anguish resulting in impairing physical injuries.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

COUNT V - G.L. CHAPTER 12, §§ 11H AND 11I

48.  The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 47 above.

49.  The Town of Bellingham, by virtue of the above-described acts of its employees and/or agents employed the use of threats, intimidation and coercion to interfere with the plaintiff's rights under the law as guaranteed by the Constitution and laws of the United States and Commonwealth of Massachusetts.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270
5

11

50.   Defendant Richard F. Ranieri, by virtue of his above-described actions, employed the use of threats, intimidation and coercion to interfere with the plaintiff's rights under the law as guaranteed by the Constitution and laws of the United States and Commonwealth of Massachusetts.

51.   Defendant Lee G. Ambler, by virtue of his above-described actions, employed the use of threats, intimidation and coercion to interfere with the plaintiff's rights under the law as guaranteed by the Constitution and laws of the United States and Commonwealth of Massachusetts.

52.   The above-described actions of the defendants, in the employment of threats, intimidation and coercion to interfere with the plaintiff, constitute violations of the Massachusetts Civil Rights Act, G.L. c.12 §§ 11H and 11I.

53.   As a direct and proximate result of said violations of G.L. c.12, §§11H and 11I, the plaintiff was deprived the use and enjoyment of the real property at Carryville Mill and the continued operation of his business thereat.

54.   As a direct and proximate result of the above-described state law civil rights violations, the plaintiff was caused to suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

55.   As a direct and proximate result of the above-described state law civil rights violations, the plaintiff was caused to suffer extreme emotional distress and mental anguish resulting in impairing physical injuries.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
ew Bedford, Massachusetts
02740
Telephone (508) 992-1270

12

56. As a direct and proximate result of the above-described state law civil rights violations, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges and the cessation of said threats, intimidation and coercion.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against the defendant Town of Bellingham and the defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

COUNT VI - G.L. CHAPTER 258, §1 ET SEQ.

57. The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 56 above.

58. At all times relevant hereto, the Town of Bellingham's Fire Chief and Town Counsel were "public employees" within the meaning of G.L. c.258, § 1.

59. At all times relevant hereto, the Town of Bellingham owed a duty to the general public, including the plaintiff, to exercise reasonable care in the training and supervision of its public employees.

60. At all times relevant hereto, the Town of Bellingham breached the above-described duty by failing to properly train and supervise defendant Richard F. Ranieri with respect to his

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

13

enforcement of state and local fire prevention/safety laws and regulations.

61.  At all times relevant hereto, the Town of Bellingham breached the above-described duty owed to the plaintiff by failing to properly supervise defendant Richard F. Ranieri with respect to the actions taken to deprive the plaintiff of his rights under the law, including the filing of criminal charges.

62.  At all times relevant hereto, the Town of Bellingham breached the above-described duty owed to the plaintiff by failing to take appropriate corrective measures in response to complaints made by the plaintiff to town officials concerning Richard F. Ranieri's actions.

63.  On or about January 17, 1992, the plaintiff, through counsel, complied with the presentment requirements of G.L. c.258, §4 and thereby placed the Town of Bellingham on notice of the foregoing claim.  A true and accurate copy of the plaintiff's presentment letter to town counsel is attached hereto and incorporated herein as Exhibit "C".

64.  As a direct and proximate result of the above-described negligence of the Town of Bellingham, the plaintiff was denied due process of law and deprived the use and enjoyment of the real property at Carryville Mill and the continued operation of his business thereat.

65.  As a direct and proximate result of the above-described negligence of the Town of Bellingham, the plaintiff was caused to

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
Professional Association
115 Orchard Street
rw Bedford, Massachusetts
02740
elephone (508) 992-1270
-5

14

suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

66.  As a direct and proximate result of the above-described negligence of the Town of Bellingham, the plaintiff was caused to suffer extreme emotional distress and mental anguish resulting in impairing physical injuries.

67.  As a direct and proximate result of the above-described negligence of the Town of Bellingham, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges and the cessation of said threats, intimidation and coercion.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against the defendant Town of Bellingham for just and substantial damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

## COUNT VII - SELECTIVE PROSECUTION

68.  The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 67 above.

69.  The Town of Bellingham, acting by and through its fire chief, commenced the above-described criminal proceedings, and further engaged in a pattern of stringent code enforcement activities against the plaintiff, whereas similarly situated property owners in the town remained unprosecuted for similar conduct.

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

15

70.  Defendant Richard F. Ranieri commenced the above-described criminal proceedings, and further engaged in stringent code enforcement activities against the plaintiff, whereas he failed and refused to prosecute similarly situated property owners in the town, including the former owner of Carryville Mill, for similar and even more egregious conduct.

71.  Defendant Lee G. Ambler permitted the commencement of the above-described criminal proceedings against the plaintiff, whereas he failed and refused to prosecute similarly situated property owners in the town, including the former owner of Carryville Mill, for similar and even more egregious conduct.

72.  The above-described acts or omissions of the defendants constitute a selective prosecution of the laws against the plaintiff as well as an arbitrary, discriminatory and unequal application of the law in violation of the plaintiff's rights to equal protection.

73.  As a direct and proximate result of the above-described selective prosecution, the plaintiff was subjected to the threats, intimidation and humiliation of the criminal court experience.

74.  As a direct and proximate result of the above-described selective prosecution, the plaintiff was caused to suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

75.  As a direct and proximate result of the above-described selective prosecution, the plaintiff was caused to suffer extreme

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

5

16

emotional distress and mental anguish resulting in impairing physical injuries.

76.  As a direct and proximate result of the above-described selective prosecution, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against the defendant Town of Bellingham and the defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

COUNT VIII - WILFUL, WANTON AND RECKLESS CONDUCT

77.  The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 76 above.

78.  The defendants, by virtue of the acts and/omissions alleged above in this complaint, engaged in a pattern of wilful, wanton and reckless conduct against the plaintiff.

79.  As a direct and proximate result of the above-described wilful, wanton and reckless conduct by the defendants, the plaintiff was subjected to the threats, intimidation and humiliation of the criminal court experience.

80.  As a direct and proximate result of the above-described wilful, wanton and reckless conduct, the plaintiff was caused to

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

17

suffer severe and irreversible damage to his business and personal reputation and other substantial damages.

81.   As a direct and proximate result of the above-described wilful, wanton and reckless conduct, the plaintiff was caused to suffer extreme emotional distress and mental anguish resulting in impairing physical injuries.

82.   As a direct and proximate result of the above-described wilful, wanton and reckless conduct, the plaintiff was caused to incur substantial attorneys' fees to secure the dismissal of said erroneous criminal charges.

WHEREFORE, the plaintiff Paul Watson demands judgment in his favor and against the defendant Town of Bellingham and the defendants Richard F. Ranieri and Lee G. Ambler, both individually and in their official capacity, jointly and severally, for just and substantial damages, punitive damages, interest, costs, attorney's fees and for such other and further relief as the Court deems reasonable under the circumstances.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

PAUL WATSON,
By his Attorney,

Richard M. Bennett, Esq.
LANG, STRAUS, XIFARAS & BULLARD
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

Dated:   June 1, 1994

18

## VERIFICATION

Commonwealth of Massachusetts,
Norfolk, ss.

    I, the undersigned, being duly sworn, on oath depose and
state that I have read the foregoing complaint, and know the
contents thereof, and to the best of my information and belief,
the facts and allegations set forth therein are true.

                       Paul Watson

        COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                       6/2      , 1994

    Then personally appeared the above-named Paul Watson, who
acknowledged the foregoing instrument to be _his_ free act and
deed, before me,

                       Notary Public Richard Bennett
                       My commission expires: 5/3/96

Law Offices
LANG, STRAUS,
XIFARAS & BULLARD
A Professional Association
115 Orchard Street
New Bedford, Massachusetts
02740
Telephone (508) 992-1270

LUCASH, GESMER & UPDEGROVE
ATTORNEYS AT LAW
ONE MCKINLEY SQUARE
BOSTON, MASSACHUSETTS 02109

TELEPHONE: (617) 720-8770
TELECOPIER: (617) 720-0004
TELEX: 980009704

January 17, 1992

Lee G. Ambler, Esq.
Attorney at Law
6 Mendon Street
Bellingham, MA 02019

    Re:  Watson/Town of Bellingham

Dear Mr. Ambler:

     I am writing to you in your capacity as Town Counsel for the
Town of Bellingham.

     As I'm sure you know by now, on December 12, 1991, the
Commonwealth voluntarily dismissed the charges against Mr. Watson
relating to the sprinkler system at 26 Pearl Street in
Bellingham.  At a hearing on December 2, 1991, District Attorney
Bibaud openly admitted that Mr. Watson could not be guilty of the
criminal violation with which he was charged.

     I believe that a court would conclude that the Town of
Bellingham was negligent in failing to supervise the Town
employees who instituted these charges against Mr. Watson.  The
charges were frivolous from the day they were filed.  The fact
that Mr. Watson never disconnected the sprinkler system was
never in dispute; indeed, it is absolutely clear from Mr.
Ranieri's own files on the matter.  For Town employees to force
Mr. Watson to make a total of ten court appearances before the
charges were voluntarily dismissed is was a clear violation of
his civil rights.

     I hope that you are able to understand the extraordinary
level of personal anguish that this incident has caused Mr.
Watson and his wife, Janet.  They have a respect for the law that
is becoming rare among American-born citizens, but is common
among immigrants to whom the United States is a beacon of justice
and due process in a World dominated by undemocratic governments.
For Mr. Watson to stand falsely accused of being a criminal for a
period of 13 months -- to be threatened with arrest, bullied by
Town officials and harassed by Mr. Ranieri -- was intolerable to
him and his wife, and if the Town officials responsible for these
actions have any conscience at all, they should hang their heads
in shame.

I want to point out to you the same facts that I mentioned to you while this case was still pending. Prior to Mr. Watson's purchase of the Pearl Street property in December 1985, the ISO rated the building as unsprinklered due to major deficiencies in the sprinkler system. There were no operational sprinklers in the building and there had been several small fires.

Mr. Watson proceeded to sprinkler the entire building. The break of the water main reduced that coverage by only 15%, leaving 85% of the building sprinklered.

The town has never addressed the question of why, under these circumstances, it prosecuted Mr. Watson when it never prosecuted Louis Goldstein, the individual from whom Mr. Watson purchased the building. The seemingly biased nature of the Town's actions is further highlighted by the fact that, according to my investigation, the Town has never before instituted a prosecution under the "sprinkler" statute.

I think that the Town owes Mr. Watson an explanation of why, under this set of facts, frivolous criminal charges were brought against him and prosecuted with such zeal.

I am deeply concerned that the Town's illegal actions against Mr. Watson go beyond just this suit. On December 14, 1988, the fire and police departments answered an emergency call that had been placed as a result of a burst sprinkler pipe on the second floor above Tastex Corp. Mr. Watson and his maintenance manager brought to the attention of the attending officers the fact that the newly installed sprinkler alarm on the riser had been smashed, and the riser valve deliberately tripped. No investigation of this incident was ever undertaken by the police department.

On September 23, 1991, Mr. Watson hand delivered to the Bellingham Police Department a written complaint concerning a break-in on his business's premises. Despite several follow-up communications with the Police Department by Mr. Watson, to date the Town has conducted no investigation.

Mr. Watson has complained to the Town about the fact that one of his tenants is illegally dumping contaminated water onto Mr. Watson's land and into the Charles River, but the Town has ignored these complaints.

Mr. Ambler, the Town and its officers must put an immediate end to their acts of purposeful discrimination against Mr. Watson. In particular, the Town must take whatever disciplinary action is necessary to end what can only be interpreted as Mr. Ranieri's personal vendetta against Mr. Watson.

- 2 -

I trust that you will distribute this letter to the appropriate Town employees and elected officials, and that I will receive a formal response.

Please be advised that nothing contained in this letter shall be construed as an admission of any matter or as a waiver or a release of any right or remedy, under law or at equity, which Mr. Watson has or may have, including but not limited to any right or remedy arising from or relating to the actions and events set forth in this letter.

Very truly yours,

Lee T. Gesmer

cc:   Mr. Paul Watson

- 3 -