UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11577 GAO

Paul Watson, Janet Watson, Andre Watson, )
David Watson and Paul Watson, in his )
capacity as Trustee of Mitson Realty Trust, )
    Plaintiffs )
             )
vs. )
             )
Town of Bellingham, )
Richard F. Ranieri, in his official capacity and )
individually, Lee G. Ambler, in his official )
capacity and individually, Scott Ambler, in his )
official capacity and individually, Bertrand )
Guerin, in his official capacity and individually, )
Dennis Fraine, in his official capacity and )
individually, Jerald A. Mayhew, in his official )
capacity, John Emidy, in his official capacity )
and individually, and Edward Wirtanen, in his )
official capacity and individually, )
    Defendants )
             )

DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT

The defendants have moved for summary judgment on all remaining claims in this matter.[1]

---

[1] The defendants previously moved to dismiss most of the complaint in this matter. The court allowed the bulk of said motion. (See Memorandum and Order, 6/7/06).

The following issues remain in this case: Count I (Malicious Prosecution) for post 7/14/01 actions only; Count II (Abuse of Process) for post 7/14/01 issues only; Count III (Intentional Infliction of Emotional Distress) for post 7/14/01 issues only (and further these claims lie only against the individual defendants). Count VII and VIII, which are § 1983 actions alleging Equal Protection and Due Process violations against the individual defendants and the Town remain. Counts IX, X and XI for loss of consortium remain against the individual defendants only to the extent that Counts I, II and III survive. Count XII (Intentional Interference with Contractual Relations) and XIII (Slander) for post 7/14/01 issues

A. Count I

In order to establish a claim for Malicious Prosecution, plaintiff must establish that the 2002 arrest and prosecution resulted in a termination in his favor, Wynne v. Rosen, 391 Mass. 797 (1984), and that the Town began the prosecution without probable cause. Id; Mass. Civil Jury Instructions, §§ 9.1, 9.6 (1999).

The only prosecution that occurred post 2001 was the 2002 criminal complaint for disturbing the peace and breaking and entering. (Complaint, ¶¶ 24-33, 39).

As part of a plea bargain, and while represented by counsel, plaintiff pled to sufficient facts on the disturbing charge and was given probation. The second charge was dismissed. (Plaintiff's deposition, pp. IV, 22-24, attached hereto as Ex. 1; docket sheets, attached hereto as Ex. 2). Accordingly, Watson did not prevail on these charges and cannot maintain a claim of malicious prosecution. Wynn, supra; Restatement (Second) of Torts, §§ 659-660. There was no final disposition to indicate the innocence of the accused. Id.

Likewise, plaintiff has admitted the police had reasonable cause to arrest him. Plaintiff acknowledges that despite losing title to the premises (Land Court dockets, attached hereto as Ex. 3; Ex. 1, Depo p. IV, 4-12) and of being so informed by the police, (Id.) he refused to leave the premises. Rather, he strenuously argued with the officers

---

only against individual defendants Raneiri, Guerin, S. Ambler, L. Ambler, J. Emidy and E. Wirtemen.

and ordered them to leave. He was quite upset. (Id.) When he refused to calm down and leave, the officers had probable cause to arrest. That is, the officers had such a state of facts in mind that would lead a reasonable person to entertain an honest and strong suspicion that the plaintiff Paul Watson was disturbing the peace and had wrongly entered the premises. Muniz v. Mehlman, 327 Mass. 553, 558 (1951); Bednaiz v. Bednaiz, 27 Mass. App. Ct. 668 (1989); Canolll v. Gillespie, 14 Mass. App. Ct. 12 (1982). Lack of probable cause cannot be inferred from a showing of malice by the defendants. Lincoln v. Shea, 361 Mass. 1 (1972), and generally, absent fraud, the conclusion of the proceeding against the plaintiff establishes there was probable cause. Della Jacova v. Widett, 355 Mass. 266 (1969); Mass. Jury Instructions; Civil, § 9.4 (1999) (collecting cases).

Accordingly, summary judgment should enter on Count I.

### B. Count II

Count II, for abuse of process, is similarly defective. Plaintiff must establish, inter alia, that process was used (post 7/14/01) for ulterior and illegitimate purpose. Datacom Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775 (1986); Beecy v. Puciarelli, 387 Mass. 589 (1982). The use of process must be excessive and groundless. 37 Nolan & Sartorio, Mass. Practice: Tort Law, §82 (collecting cases).

3

As is noted above, there was probable cause to arrest and to use process against Mr. Watson. Watson <u>admitted</u> to sufficient facts, which clearly shows there was such probable cause. Plaintiff cannot be heard to claim that there was no legitimate grounds for the use of process where he has admitted to facts that would warrant his conviction.

Summary Judgment should enter on Count II.

### C. <u>Count III</u>

Count III is a claim for intentional infliction of emotional distress against the individual defendants for post 7/14/01 conduct only. The only conduct alleged in this count is the 2002 criminal prosecution of Watson. (Complaint, Count III) (other conduct is alleged in other separate counts).

In order for any individual defendant to be liable for intentional infliction of emotional distress, plaintiff must establish that the individual engaged in extreme and outrageous conduct. This is conduct beyond all possible bounds of decency and utterly intolerable in a civilized community. <u>George</u> v. <u>Jordan Marsh Co.</u>, 359 Mass. 244 (1971); <u>see also</u> <u>Agis</u> v. <u>Howard Johnson Co.</u>, 371 Mass. 140 (1976).

Once again, with regard to the 2002 prosecution, where the plaintiff admitted to sufficient facts to warrant a conviction, and the police had probable cause, as a matter of law none of the individual

4

defendants can be found to have acted beyond all possible bounds of decency. Summary judgment should enter on Count III.[2]

### D. Counts IX, X and XI

These three counts are claims for loss of consortium. As this court has previously determined (Memorandum and Order, 6/7/06, ¶8), these claims are tied to the intentional tort claims. As demonstrated above, those remaining intentional tort claims are subject to summary judgment, and accordingly, the remaining loss of consortium claims should likewise be dismissed.

### E. Count XII

This count is one for intentional interference with contracts by individual defendants Ranieri, Guerin, S. Ambler, L. Ambler, Emidy and Wirtanen, for post 7/14/01 actions only. (Memorandum and Order, 6/07/06), ¶¶ 2, 4). The essence of these claims is that the individual defendants made statements to tenants at the plaintiff's facility which interfered with their lease agreements with plaintiff.

First, plaintiff has identified no contract that existed post 7/14/01 which was allegedly interfered with by the Town or its agents (Plaintiff Watson, Trustee's Answers to Interrogatories, Int. #23, attached hereto as Ex. 4).

---

[2] Further, plaintiff does not allege and cannot prove that defendant Ranieri, Guerin (Fire officials) Fraine (Town Administrator), Mayhew (Town Selectman), Emidy or Wirtanen (Code Inspectors) participated in any way with the 2002 prosecution. For this alternative ground this claim must be dismissed as to these individual defendants.

5

Plaintiff can also not identify any specific statement made by a specific defendant on any specific date (Eg. Plaintiff's deposition, Ex.1, pp. IV, 34-50).

Further, plaintiff must prove that, for each alleged statement, the individual defendant acted with improper motives or with improper means. United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 816 (1990). Since the plaintiff cannot identify any specific comment to a tenant, or its contents, plaintiff cannot meet his burden of proof. Additionally, there is nothing improper in means or motive for the town officials (post 7/14/01) to say that the Town had title to the property or that plaintiff was being taken to court by the Town. These were facts of public record.

For all the above reasons, summary judgment should enter on behalf of the individual defendants.

### F. Count XIII

Count XIII is for slander against the same group of town officials involved in Count XII, for post 7/14/01 statements.

The statements alleged to be defamatory, post 7/14/01, are statements made in Milford District Court on 02/01/02, 05/02, 07/02 and 10/31/02. (Plaintiff's Answers to Interrogatories, Int. #1, attached hereto as Ex. 5). These dates correspond to hearings in Milford District Court on Docket 0266CR 000214, (Ex. 2). The

6

essence of the alleged statements is that the Town maintained to the Court plaintiff had committed the crimes of which he was charged.[3]

Assuming, arguendo, that some Town official so indicated to the court, such statements do not constitute actionable defamation.

First, plaintiff would have to prove the statement(s) was false. Where plaintiff admitted to sufficient facts and the police had probable cause, this cannot be accomplished as a matter of law.

Second, statements made in the course of a judicial proceeding, including even out of court affidavits, depositions or other similar matters, are absolutely privileged. Mezullo v. Maletz, 331 Mass. 233 (1954); Aborn v. Lipson, 357 Mass. 71 (1970); Correllas v. Viveiros, 410 Mass. 314, 319 (1991); Kipp v. Kueker, 7 Mass. App. Ct. 206, 211 (1979). In-court statements made as part of a criminal prosecution are without question absolutely privileged, regardless of the specific identity of the speaker.

Summary judgment should be granted on Count XIII.

### G. Count VIII

Count VIII is a procedural due process claim under ¶1983. (Complaint, ¶¶ 110-111). Mr. Watson complains he was "subjected" to damages by being forced to litigate matters in the "criminal, housing and civil courts.")

---

[3] Plaintiff has failed to identify any specific individual as the particular speaker. Where plaintiff cannot identify the speaker, his defamation claim must fail.

7

...

(i) <u>Statute of Limitations</u>

As with common law torts, the statute of limitations is set by the forum state limitation period governing personal injury causes of action. <u>Wilson</u> v. <u>Garcia</u>, 471 U.S. 261, 276-280 (1985); <u>Nieves</u> v. <u>McSweeney</u>, 241 F.3d 46, 51 (1st Cir. 2001); <u>Centro Medico del Turabo, Inc</u>. v. <u>Feliciano de Meiecio</u>, 406 F3d 1, 7-8 (1st Cir. 2005).

This court has already determined that the various underlying acts in this case are discrete events and not a continuing tort. Accordingly, this procedural due process claim must also be limited to events post 7/14/01.[4] Plaintiff was in fact well aware that he had a potential claim for ¶1983 violations – he in fact <u>filed</u> <u>suit</u> on these exact claims in 1994! (See Docket 94-01195-B, Norfolk Superior Court, attached hereto as Ex. 6; Complaint, attached hereto as Ex. 7).[5]

Plaintiff has been complaining that the Town has violated his civil rights for many years. He has been represented by numerous counsel throughout this time period and even filed suit on this theory as early as 1994. Plaintiff knew or should have known of his need to file in a timely fashion. No known exception to the statute of limitations applies to this case. All ¶1983 claims for actions by the

---

[4] Whether evidence of actions prior to 7/14/01 may eventually be admissible on the issue of a pattern or practice of the Town if the ¶1983 claims go to a jury is a separate and distinct issue from whether or not plaintiff can recover damages for actions which occurred prior to 7/14/01. E.g. <u>Cordi-Allen</u> v. <u>Conlon</u>, 2006 U.S. Dist. LEXIS 49218 n. 4 (D. Mass. 2006) (Saris, J.); <u>Sampson</u> v. <u>Town of Salisbury</u>, 441 F. Supp. 201, 271 (D. MA 2006) (Tauro, J.).

[5] The docket indicates that the 1994 case was dismissed without prejudice in November 1996 for failure to prosecute. (Ex. 6, Entry #54).

8

Town or its agents prior to 7/14/01 are time-barred and summary judgment should enter for the defendants.

### (ii) Procedural Due Process

The apparent gist of this claim is that the Town engaged in the erroneous prosecution of criminal charges and building code violations which resulted in Plaintiff being damaged. (Complaint, ¶110).

Plaintiff, without question, has a right to due process with regard to litigation filed against him. He received that process. Again, as noted, the only post 7/14/01 litigation was the Milford District Court prosecution in which Plaintiff admitted to sufficient facts and was placed on probation. (Ex. 2). As the docket indicates, he was given notice of the charges, had the opportunity to respond to the charges, was represented by counsel, and voluntarily waived his right to trial and admitted to sufficient facts. (Id.; Depo, Ex. 1 at pp. IV 4-12). This was the process he was constitutionally entitled to receive. See gen. Londoner v. Denver, 210 US 373, 445 (1908); Matthew v. Eldridge, 424 US 319, 334 (1976); Wojcik v. Mass. State Lottery Commission, 300 F. 3d 92, 102-103 (1st Cir. 2002). E. Chemerinsky, Constitutional Law: Principles and Policies 2d, §§7.4. CF. Comm. v. Wallace, 431 Mass. 705 (2000) (criminal defendant cannot collaterally attack prior judgment, even if erroneous. Appeal is only proper method of challenge).

9

Summary judgment should enter in favor of the defendants on this count.[6]

### H. Count VII

The final count is a claim under the Equal Protection Clause. Plaintiff here alleges the Town and its officials engaged in a series of events over the years involving "stringent code enforcement" and "commencement of criminal proceedings" (Complaint, ¶¶ 97-98). Plaintiff further alleges this was "selective prosecution of the laws" against him while others similarly situated were treated in a different fashion (Complaint, ¶ 99).

#### (1) Statute of Limitations

As noted previously, the statute of limitations applicable to this count is three years. Wojcik, supra. Accordingly, no liability can be imposed for actions prior to 7/14/01, for the same reasons discussed with regard to the due process count.

#### (2) Substantive Considerations

In Village of Willowbrook v. Olech, 528 US 562 (2000), the Supreme Court held that a single individual (or class of one) may state a claim under the Equal Protection Clause where only he has suffered arbitrary and discriminatory treatment by the government. A successful equal protection claim may be brought where Plaintiff proves that he has been intentionally treated differently from others

---

[6] It is further unclear how any individual defendant or the Town could have deprived plaintiff of due process while in the midst of criminal litigation where the Court provides the process. Again, summary judgment is warranted for the defendants.

similarly situated, and there is no rational basis for the difference in treatment. Id.

The First Circuit has elaborated upon the teaching of Olech. As the circuit court has noted, "the legal test we apply to (Defendant's) conduct is an exceptionally deferential one. An equal protection claim will only succeed if the decision to treat an individual differently than those similarly situated is wholly "arbitrary or irrational". Wojcik v. Mass. State Lottery Commission, 300 F3d 92, 104 (1st Cir. 2002). Indeed, "such a Plaintiff must establish more than that the government official's actions were simply arbitrary or erroneous; instead the Plaintiff must establish that the Defendant's actions constituted a "gross abuse of power"" Tapalian v. Tusino, 377 F3d 1, 6 (1st Cir. 2004). The standard is very high and must be "scrupulously met" Rubinovitz v. Rogato, 60 F3d 905, 911 (1st Cir. 1995).

The First Circuit has clearly held that "even an arbitrary denial of a permit in violation of state law – even in bad faith – does not rise above the threshold for equal protection" claims. Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000). See Walsh v. Town of Lakeville, 431 F. Supp. 2d 134 (D. MA 2006) (Gorton, J.) See also Lakeside Builders, 2002 US Dist. LEXIS 4725 ("Enforcing existing regulations as written is quintessentially rational"); Cordi-Allen, 2006, U.S. Dist.

11

LEXIS 49218 (good faith dispute over the application of regulation is neither irrational nor malicious disparate treatment.)

Plaintiff's burden to show intentional discrimination and discriminating purpose requires showing the decisionmaker engaged in a course of action at least in part because of, and not merely "in spite of", its adverse effects upon an identifiable plaintiff. "The existence of disparate treatment alone is insufficient to support a reasonable inference of "intentional" discrimination." Sampson, 441 F. Supp. 2d at 280.

A plaintiff claiming an sort of equal protection violation must initially "identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently, instances which have the capacity to demonstrate that (plaintiffs) were singled out for unlawful aggression." Buchanan v. State of Maine, ____ F. 3d _____, 2006 U.S. App. LEXIS 28352 (1st Cir. 11/16/06) (quoting Rubinovitz, 60 F.3d at 910). The test applied by the First Circuit is set out in Tapalian. "The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. Much as in the lawyers art of distinguishing cases, the "relevant aspects" are those factual elements which determine whether reasoned analogy supports, or demands, a like result. Exact correlation is neither likely nor necessary, but the cases must be fair cogeners. In other words,

12

applies should be compared to apples." 377 F.3d at 6. See also Lakeside Builders, Inc. v. Planning Board of the Town of Franklin, 2002 U.S. Dist. LEXIS 4725 (D. MA 2002) (O'Toole, J.) "Courts should not interpret the similarly situated standard broadly. Courts, instead, should limit the standard to the specific facts of the equal protection plaintiff's situation." Sampson, 441 F. Supp. 2d at 280 (footnotes omitted).

As in Walsh, supra, it is also important to note that a property is not similarly situated where "the primary reason her property came to the attention of defendants time and again was because of her violations of Town ordinances and regulations." 431 F. Supp. 2d at 146 (also demonstrating lack of intentional discrimination).

In this matter, the plaintiff has identified only one allegedly similarly situated person – Lewis Goldstein, the person from whom plaintiff bough the property in issue. (Ex. 4, Int. 21; Ex. 1, pp. l, 12-33).

It is beyond dispute or proof that Mr. Goldstein was not similarly situated with regard to any past 7/14/01 conduct. As described above in detail, plaintiff Watson was arrested at the mill property at a time when he did not have legal title to the property and at a time he vehemently argued with the police and ordered them off the Town property, causing a disturbance of the peace (to which he later

13

admitted to sufficient facts in the state court criminal proceeding where he was represented by counsel). (Ex. 1).

As plaintiff Watson admitted, he bought the property from Goldstein – indicating Goldstein and not the Town had title to the property. (Id.). Thus any and all dealings the Town had with Goldstein were on a vastly different footing. There is no allegation, much less proof, that Goldstein was ever involved with a confrontation with police who were claiming that Goldstein was improperly on the premises with the Town.

There simply is no comparison between Watson and Goldstein with regard to issues of property ownership and conduct on the property.

In light of the stringent test imposed on Plaintiff to show similarly situated people who were treated considerably differently from the treatment he received from the Town, Plaintiff's equal protection claim fails.

Additionally, there is no substantial question that the treatment Plaintiff Watson received with his arrest and prosecution were non-discriminatory, legitimate, done in good faith because there was probably cause, and was not a gross abuse of power.

Again, as previously noted, the police clearly had probable cause to arrest. Not only has Plaintiff admitted he was involved in a serious dispute with the police, he entered into an admission to sufficient

14

facts and was placed on probation for the incident in question. In light of Plaintiff's admissions, the Town's actions cannot be found, as a matter of law, to have been discriminatory, abusive, irrational or malevolent. Baker, supra; Walsh, supra; Lakeside Builders, supra; Cordi-Allen, supra. At best/worst, there was a good faith dispute between the Town and Plaintiff over the appropriate interpretation of statutory and regulatory remedies with respect to control of the premises, and not discriminatory, disparate treatment of Watson as compared to anyone else, on any basis.

## CONCLUSION

For the reasons set out above, the Defendants are entitled to summary judgment on all remaining claims in this matter.

By their attorneys,

CURLEY & CURLEY, P.C.

/S/ Martin J. Rooney
_____
Martin J. Rooney, Esq.
BBO No. 426910
27 School Street
Boston, MA 02108
(617) 523-2990

Date: 11/30/06

15

## CERTIFICATE OF SERVICE

We, Curley & Curley, P.C., attorneys for the Defendant, hereby certify that we served a true and correct copy of the above notice by mailing a copy postage prepaid to the following counsel of record:

/S/ Martin J. Rooney
Martin J. Rooney, Esq.
BBO No. 426910

Date: 11/30/06