UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11577 GAO

| | |
|---|---|
| Paul Watson, Janet Watson, Andre Watson, David Watson and Paul Watson, in his capacity as Trustee of Mitson Realty Trust,<br>Plaintiffs<br>vs.<br><br>Town of Bellingham, Richard F. Ranieri, in his official capacity and individually, Lee G. Ambler, in his official capacity and individually, Scott Ambler, in his official capacity and individually, Bertrand Guerin, in his official capacity and individually, Dennis Fraine, in his official capacity and individually, Jerald A. Mayhew, in his official capacity, John Emidy, in his official capacity and individually, and Edward Wirtanen, in his official capacity and individually,<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT**

1. The only litigation/prosecution filed against Plaintiff Watson post 7/14/01 was the Milford District Court criminal action.

    Complaint, Para. 24-33,39; Plaintiff's Deposition, Ex. 1, pp. IV, 22-24; Docket, Ex. 2.

2. Plaintiff Watson pled to an admission of sufficient facts on the disturbing the peace charge, with the advice of counsel, and was sentenced to probation, and the second charge was dismissed.

    Id.

3. Plaintiff's title to the property in issue was subject to a tax taking by the Town and the right of redemption foreclosed by judgment of the Land Court.

    Dockets, Ex. 3; Ex. 1, pp. IV 4-12.

4. Plaintiff was arrested at the mill property in issue after the police notified plaintiff he did not have title to the property and was not supposed to be on the property.

    Id.

5. After being asked to leave the property Mr. Watson refused, disagreed with the police and in fact ordered the police to leave his property.

    Id.

6. Plaintiff does not allege and has not facts to establish that Defendants Ranieri, Guerin, Fraine, Mayhew, Emidy, or Wirtanen participated in the 2002 prosecution.

    Complaint.

7. Plaintiff has identified no contract in effect post 7/14/01 which was allegedly interfered with by any Town agent.

    Plaintiff's Answers to Ints., Int. 23, Ex. 4.

8. Plaintiff Watson cannot identify any specific statement made by a specific defendant to a specific person on a specific date which allegedly interfered with any contract post 7/14/01.

    Complaint; Ex. 1, IV 34-50.

9. The only allegedly defamatory statements definitely identified by Mr. Watson, post 7/14/01, are statements made in the Milford District Court in 2/02, 5/02, 7/02, and 10/02.

    Plaintiff's Answers to Ints., Int. 1, Ex. 5.

10. Plaintiff filed a Section 1983 civil rights suit against the Town and most of these Defendants in Norfolk Superior Court which had essentially the same allegations as the complaint in this matter. That case was dismissed without prejudice in 11/96.

    Docket, Ex. 6; Complaint, Ex. 7.

11. In the Milford District Court Plaintiff Watson was given notice of the charges, responded to those charges, was represented by counsel, waived his right to a jury trial, and admitted to sufficient facts on the disturbing charge.

    Docket, Ex. 2; Deposition, pp. IV 4-12, Ex. 1

12. Plaintiff Watson has indentified only one person who he alleges was similarly situated as he was situated for Equal Protection purposes – Lewis Goldstein.

Ex. 4, Answer to Int. 21

13. Goldstein was the prior owner of the property in issue from whom Mr. Watson purchased the property.

Ex. 1, Deposition, pp. I 12-33

By their attorneys,

CURLEY & CURLEY, P.C.

/S/ Martin J. Rooney
_____
Martin J. Rooney, Esq.
BBO# 426910
27 School Street
Boston MA 02108
617/523-2990

CERTIFICATE OF SERVICE

I, Martin J. Rooney, Esq., hereby certify that I served electronically a true and correct copy of the foregoing pleading to the following counsel of record: John P. Ehrhard, Esq., 9 North Ashland Street, Worcester, MA 01609, and to Richard T. Corbett, Esq., McLucas & West, P.C., 141 Tremont Street, 4th Fl., Boston MA 02111-1227.

DATE: November 30, 2006

/S/ Martin J. Rooney
_____
Martin J. Rooney, Esq.
BBO # 426910