UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11577-GAO

PAUL WATSON, JANET WATSON, ANDREW
WATSON, DAVID WATSON, and PAUL
WATSON in his capacity as Trustee of MITSON
REALTY TRUST,
        PLAINTIFFS

v.

TOWN OF BELLINGHAM, RICHARD F.
RANIERI, Individually and in his official
capacity, LEE G. AMBLER, Individually and
in his official capacity, SCOTT AMBLER,
Individually and in his official capacity,
BERTRAND GUERIN, Individually and in his
official capacity and in his capacity, DENNIS FRAINE,
Individually and in his official capacity,
JERALD A. MAYHEW, Individually and in his
official capacity, JOHN EMIDY, Individually and
in his official capacity, and EDWARD WIRTANEN,
Individually and in his official capacity.
        DEFENDANTS

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM**

NOW COME the Plaintiffs in the above captioned matter, by and through their attorneys, Kressler & Ehrhard, PC, to hereby oppose the Defendants' Motion for Summary Judgment (the "Motion"). In support of their opposition, the Plaintiffs state the following:

      Summary judgment is proper where no genuine issue of material fact exists that would necessitate a trial. The party moving for summary judgment may prevail only if the non-moving party "has no reasonable expectation of proving an essential element of [its] case." Kourouvacilis v. General Motors

Corp., 410 Mass. 706, 716 (1991). The party against a motion for summary judgment can defeat the motion if it provides facts that show the case presents a genuine issue of material fact, that a jury may return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).  Summary judgment is only appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Opara v. Mass. Mut. Life Ins. Co., 441 Mass. 539 (2004).

      The Defendants have provided a Local Rule 56.1 Statement, reflecting undisputed material facts. The Plaintiffs dispute that many of these statements are in fact agreed upon, based upon both their lack of accuracy and the lack of proper context for those statements. Specifically, the Plaintiffs dispute:

      6. "Plaintiff does not allege and has not facts to establish that Defendants Ranieri, Guerin, Fraine, Mayhew, Emidy, or Wirtanen participated in the 2002 prosecution". The Defendants rely upon the Complaint when making this statement.  The Plaintiffs contend that the Complaint establishes that, at a minimum, Ranieri, Guerin, Mayhew and Fraine were involved in the 2002 prosecution, as they were all agents of the Town of Bellingham at that time and each played a role, both individually and in their personal capacities, in the wrongful actions against the Plaintiffs.

      9. "The only allegedly defamatory statements definitely identified by Mr. Watson, post 7/14/01, are statements made in the Milford District Court in 2/02, 5/02, 7/02, and 10/02."  This assertion by the Defendants appears to imply that

2

defamatory statements, if made in the context of a Court hearing, have no weight. However, such defamatory statements are more damaging to the victim in the context of a Court proceeding, as such statements may be used by the trier of fact against that person.

    10. "Plaintiff filed a Section 1983 civil rights suit against the Town and most of these Defendants in Norfolk Superior Court which had essentially the same allegations as the complaint in this matter. That case was dismissed without prejudice in 11/96". The Defendants appear to infer that the Plaintiffs prior pursuit of the 1983 litigation somehow weakens this proceeding. It should be noted that the dismissal was *without prejudice* and precipitated by issues between the Plaintiffs and their counsel.

## COUNT I – MALICIOUS PROSECUTION

The Plaintiffs' claim for malicious prosecution is based on the wrongful actions taken by the Town during the January 2002 wrongful eviction and subsequent court appearances and judgment.

As early as 1998 the Town was informed that they were required to properly evict the Plaintiff from the Property. Specifically, Attorney Ambler, Town Counsel, was directed to follow proper eviction procedure pursuant to M.G.L. c. 239 by the Worcester Housing Court. (Exhibit 1, p. 68). Attorney Ambler indicated to the Court that the Town did not want to absorb the expense of a proper eviction, and indicated to the Court that the Town's position was that the Plaintiffs, and other tenants, were trespassers. (Exhibit 1, pp. 68-72). The Court

3

then informed the Town and counsel for the Plaintiffs that they were in fact not trespassers, but that they may be tenants at sufferance. (Exhibit 1, 76,77).

There is no dispute that the Plaintiffs were not tendering any rental payments to the Town, as they disputed the Town's alleged ownership of the building. As resulting tenants at sufferance, the Plaintiffs were entitled to a proper eviction and should not have been treated as trespassers. Everett v. Town of Canton, 21 N.E. 2d 269, 271; 303 Mass. 166, 169 (1939). Accordingly, the proceedings against the Plaintiffs were without merit, wrongful, and resulted in extreme hardship for the Plaintiffs.

The Defendants claim that the action taken was justified by Mr. Watson being upset and refusing to leave. The prior statements from the Court to the Town and the Plaintiff's desire to remain on the Property should have then resulted in proper eviction procedure being followed. However, in order to avoid the time and expense of a proper eviction the Town wrongfully removed Mr. Watson from the Property and pursued charges against him. The Town's failure to follow proper procedure does not translate into probable cause against Mr. Watson. Without such probable cause any victory claimed by the Town is without merit.

## COUNT II – ABUSE OF PROCESS

The Plaintiffs have suffered abuse of process even more clearly than the obvious case of malicious prosecution. Abuse of process arises with the use of legal proceedings for an improper, collateral objective. Nadeau v. State, 295 A.2d 107, 116, 117 (Maine 1978). The claim of abuse of process is given wider

4

discretion than a determination of malicious prosecution, regardless of timing, if the plaintiff can show an improper use of process "for an immediate purpose other than that for which it was designed and intended". Restatement (2d) of Torts § 682, at 475 (1977). See also, Simon v. Navon, 71 F.3d 9, 14-5 (1st. Cir. 1995). The Town's own statements during the 1998 Housing Court hearing indicate their continuing objective to remove the Plaintiffs from the Property. (Exhibit 1). There is no dispute between the parties that the Defendants never sought a Court order evicting the Plaintiffs from the Property pursuant to Massachusetts' law. Rather, they wrongfully arrested Mr. Watson, a tenant at sufferance, for refusing their arbitrary orders to vacate immediately, without any of his possessions. An alleged tax taking in 1991 does not translate into the Plaintiffs being trespassers, thereby eliminating the right to arrest them for the same. Benedict, et al v. Morse, 51 Mass. 223, 229-230 (1845). These actions amounted to the Town using the charge of trespass as an end run around the eviction statutes to apparently save time, money and effort, rather than being an attempt to keep actual trespassers from the Property.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

As discussed in the Memorandum in Opposition to the Defendants' Motion to Dismiss, the claim for infliction of emotional distress sounded clearly in the Town agents' action in 2002.

The Plaintiffs believe that the Town and those acting on its behalf wrongfully evicted Watson, physically assaulted him during that eviction, and knowingly brought criminal and civil claims against him that they knew were

5

without merit. These actions were based on malice and ill-will toward Watson, and stem, at least in part, from discrimination toward his Jamaican heritage.

Mr. Watson was put in the outrageous position of defending criminal charges, was assaulted and suffered humiliation and embarrassment in his town. The fact that the Town's agents pursued these charges after having been personally advised to pursue a proper eviction, four (4) years earlier, is in itself outrageous and beyond the bounds of acceptable conduct.

The Plaintiffs acknowledge that the Town itself is statutorily exempt from liability.

### COUNTS IX, X AND XI – LOSS OF CONSORTIUM

As indicated by the Defendants, these claims are reliant upon intentional tort claims. Plaintiffs are confident that the intentional wrongful removal of Mr. Watson from the Property and the subsequent criminal charges against him are in fact more than sufficient to establish a right to loss of consortium claims.

### COUNT XII – INTENTIONAL INTERFERENCE WITH CONTRACTS

The Plaintiffs acknowledge the Defendants' position regarding the strength of their claim for intentional interference with contracts and do not oppose summary judgment entering for the Defendants on that claim.

### COUNT XIII – SLANDER

The Plaintiffs acknowledge the Defendants' position regarding the strength of their claim for slander and do not oppose summary judgment entering for the Defendants on that claim.

## COUNT VII – 42 U.S.C. § 1983 – EQUAL PROTECTION

A. STATUTE OF LIMITATIONS

In light of this Court's prior ruling regarding time limitations, specifically, only actions post July 14, 2001, this memorandum will address the specific actions of the Defendant's related to the criminal prosecution in the Milford District Court. However, as the Defendants have referenced the Plaintiffs' prior § 1983 litigation it is essential to briefly address that issue. The Plaintiffs allegations of wrongful actions by the Defendants were indeed long-ranging and continuous, as indicated in the Defendants' brief. Mr. Watson did indeed file a § 1983 lawsuit in 1994. However, due to issues with prior counsel that matter was dismissed, without prejudice, for want of prosecution. There was never any finding vindicating the Defendants from the Plaintiffs' claims.

B. SUBSTANTIVE CONSIDERATIONS

In order for the Plaintiffs' equal protection claim to be successful the Plaintiffs must demonstrate that there was a racial, or other class-based animus, motivating the Defendants' actions. Griffen v. Breackenridge, 403 U.S. 88, 102, 29 L. Ed. 338, 91 S. Ct. 1790 (1971). As the Plaintiffs have claimed, and as reflected in their Complaint, they believe that the Defendants' actions were based, at least in part, on the Watsons' Jamaican heritage (see, Complaint, ¶ 33). Further, the Watsons have sufficiently demonstrated to date that the actions in question were official encroachments against their protected rights. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-268, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993).

There is little dispute that the Town's actors physically removed Mr. Watson, prosecuted him, and refused to let him reenter the Property. As previously indicated, these actions were taken in contravention of the Housing Court's stated belief that they should pursue proper eviction procedures.

The condition of the Property was indeed below town and state code requirements. That being said, many of those same conditions existed during the ownership of the Property by the prior owner, Mr. Goldstein, a non-Jamaican. Despite his heritage, Mr. Goldstein is a person similarly situated to Mr. Watson. Koelsch v. Town of Amesbury, 851 F. Supp. 497, 501 (D. Mass. 1994). This is indeed the case, in that Mr. Goldstein owned the same Property, with many of the same deficiencies, while the same Town actors were in the same official capacities. Not only was Mr. Watson treated significantly differently than Mr. Goldstein, but these actions were also, at least in part, based upon his heritage with a malicious intent to injure Mr. Watson. See, Rubinovitz v. Rogato, 60 F.3d 906, 909-910 (1st Cir. 1995).

In light of these matters the Plaintiffs' claim for violation of their equal protection rights should proceed.

**COUNT VIII – 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS**

A.    STATUTE OF LIMITATIONS

In light of this Court's prior ruling regarding time limitations, specifically, only actions post July 14, 2001, this memorandum will address the specific actions of the Defendant's related to the criminal prosecution in the Milford

8

District Court. However, as the Defendants have referenced the Plaintiffs' prior § 1983 litigation it is essentially to briefly address that issue. The Plaintiffs allegations of wrongful actions by the Defendants were indeed long-ranging and continuous, as indicated in the Defendants' brief. Mr. Watson did indeed file a § 1983 lawsuit in 1994. However, due to issues with prior counsel that matter was dismissed, without prejudice, for want of prosecution. There was never any finding vindicating the Defendants from the Plaintiffs' claims.

With regard to the statute of limitations, the Milford District Court prosecution of Mr. Watson is central. In contravention of the Housing Court's prior directive to pursue adequate eviction proceedings against the Plaintiffs the Town, and its agents, purposely and willfully had Mr. Watson arrested as a trespasser and pursued criminal charges against him. There is no dispute that these actions took place after the Court imposed deadline of July 14, 2001. The actual physical removal of Mr. Watson occurred on January 31, 2002. The wrongful and malicious prosecution took place shortly thereafter, specifically February 2002 through October 2002. Accordingly, the Plaintiffs meet the burden of the statute of limitations and the Court imposed time constraints.

      B.    PROCEDURAL DUE PROCESS

In light of the July 14, 2001 time limitation imposed by the Court, the Plaintiffs will limit their procedural due process discussion to the 2002 physical removal of Mr. Watson and the subsequent criminal prosecution.

The Defendants cite the Comm. V. Wallace, 431 Mass. 705 (2000) decision as a basis for the position that because Mr. Watson, for whatever

9

reason, pled to sufficient facts during the 2002 prosecution that he has waived any right to proceed with his § 1983 litigation (see, Defendants' Memorandum at page 9).  However, the Wallace decision addresses a very discreet issue, specifically, that an appeal is the only proper method of challenge to attack a prior judgment. However, in the case at hand, the specific issues, the Defendants' actions in contravention of prior Court directives, and the permanent harm to the Plaintiffs should be viewed in total. These elements amount to a situation where equity would dictate that the egregious actions by the Town and its agents that were beyond any code of decency or law allow the Plaintiffs to pursue these claims.

The Defendants' own Exhibit 2 indicates that Mr. Watson had multiple attorneys throughout this matter who filed multiple motions to suppress. (Exhibit 2).  This is a reflection of Mr. Watson's accurate belief that he was not a trespasser, as he had been advised by the Housing Court Judge, and that he should not plead guilty in any form. However, after many months of legal costs, stress and anxiety Mr. Watson pled to sufficient facts simply to move forward with his life.  At no point did he intend to lose his right to pursue these claims, as he had been attempting to do for many years.

For a claim of malicious prosecution to be sufficient for successful § 1983 litigation, the actions must be so egregious that they violated substantive or procedural due process rights. Torres v. Superintendent of Police, 893 F.2d 404, 409 (1st Cir. 1990).  Specifically, where a §1983 Plaintiff has physically abused, detained or prosecuted due to racial or political motivation, or otherwise deprived

of equal protection of the law, this may be "conscience shocking" conduct. Id. at 410. Accordingly, the facts as alleged by the Plaintiff meet this standard and their claim for violation of § 1983 must stand.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court deny the Defendants' Motion for Summary Judgment and allow a trial on these claims.

Respectfully Submitted,
The Plaintiffs,
By their counsel,

/s/James P.Ehrhard
James P. Ehrhard, Esq.
BBO 651797
Wendy M. Mead, Esq.
BBO 635333
Kressler & Ehrhard, PC
11 Pleasant Street, Ste. 200
Worcester, MA 01609
TEL (508) 791-8411
FAX (508) 752-6168

DATED: December 20, 2006

## CERTIFICATE OF SERVICE

I, Wendy M. Mead, hereby certify that I have serve a copy of the this Opposition and Memorandum by first class mail to the parties listed below:

Martin J. Rooney, Esq.  
27 School Street  
Boston, MA 02108  

Richard T. Corbett, Esq.  
McLucas & West, PC  
141 Tremont Street, 4th Fl.  
Boston, MA 021111  

/s/ Wendy M. Mead
Wendy M. Mead

Dated: December 20, 2006